THOMAS SULLIVAN *vs.* REED FOUNDRY COMPANY.

Worcester. December 2, 1910. — January 3, 1911.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Negligence,* Employer's liability. *Evidence,* Of defect in appliance. *Practice, Civil,* Exceptions, Verdict.

In an action for personal injuries caused by a heavy casting falling upon the plaintiff owing to the breaking of a hook attached to a chain by means of which it was being hoisted, where the plaintiff contends that the breaking of the hook was due to its own weakness, if it appears that the hook broke while holding a weight much less than a hook of that size, if sound, should have held, that fact unexplained is of itself evidence of a defective condition.

In an action by a workman against his employer for personal injuries caused by a heavy casting falling upon the plaintiff owing to the breaking of a hook attached to a chain .by means of which it was being hoisted, where a count under R. L. c. 106, § 71, cl. 1, alleged a defect in the ways, works or machinery of the defendant and a count at common law alleged that the defendant furnished the plaintiff with dangerous and defective machinery, the defendant excepted to refusals of the presiding judge to rule that the plaintiff could not recover upon either of these counts. There was evidence for the jury of a defect in the hook and of negligence of the defendant in not ascertaining the defect. The jury found for the defendant on the count under the statute and found for the plaintiff on the count at common law. *Held*, that the question, whether there was any inconsistency between the verdict for the defendant on the count under the statute and that for the plaintiff on the count at common law, was not before this court, and that, as the question of the soundness of the hook was left properly to the jury, the defendant's exceptions must be overruled.

In an action by an experienced workman against his employer, for personal injuries caused by a heavy casting falling upon him owing to the breaking of a hook attached to a chain by which the casting was being hoisted, a count of the declaration under the employers' liability act alleged negligence of a superintendent, and the plaintiff contended that the accident was due to a sudden strain brought upon the hook by a slipping of the casting in the chain by reason of the chain having been hitched improperly. There was evidence warranting findings that the chain was placed around the casting by the plaintiff in the manner ordered by a superintendent in charge of the work, that the manner was improper because the casting was likely to slip in the chain and the hook was placed unfavorably to sustain the sudden weight likely to come upon it by such a slipping, and that the breaking of the hook was due to such a slipping of the casting by which the hook was subjected suddenly to an unusually heavy strain coming at an unusual angle. *Held*, that the questions, whether the plaintiff, an experienced workman, in adjusting the chain and the hook acted under the order of the superintendent and whether this order was negligent, were for the jury, and that accordingly the issue presented by the count of the declaration alleging negligence of a superintendent properly was submitted to the jury.

TORT for personal injuries sustained by the plaintiff while in the employ of the defendant from the breaking of a hook at the end of a chain to which was attached a casting weighing about two thousand six hundred and twenty-five pounds, which caused the casting to fall to the ground, striking the plaintiff. Writ dated November 7, 1906.

In the Superior Court the case was tried before *Gaskill,* J. The declaration contained five counts, of which the plaintiff waived the first and fifth. The counts upon which the case went to the jury are described in the opinion, where also the character of the evidence and the material findings warranted by it are described.

At the close of the evidence the defendant asked the judge to rule as follows:

1. Upon all the evidence the plaintiff cannot recover on the second count in his declaration, and the verdict must be for the defendant.

2. Upon all the evidence the plaintiff cannot recover upon the third count in his declaration, and the verdict must be for the defendant.

3. Upon all the evidence the plaintiff cannot recover upon the fourth count in his declaration, and the verdict must be for the defendant.

The judge refused to make any of these rulings and submitted the case to the jury on the second, third and fourth counts.

In the course of his charge to the jury the judge instructed them as follows: " The next step, as I understand it, is that this hook of the material of which it was composed was not large enough or not heavy enough to carry safely the load under the condition which ought to be anticipated as likely to occur in the business of the employer. Well, what do you say with reference to that? The uses to which it already had been put, the knowledge gained from that use and from the use of similar hooks, similar weight, etc., is a consideration which will bear so far as you think it is material upon that proposition. The fact that it broke at this specific time of course goes without saying now, that it broke if used in the ordinary way with the ordinary expected strain is some evidence of the weakness and defect, but if it broke from an unusual cause, one not to be reasonably expected or anticipated as likely to occur when used with ordinary care by an employee, then the fact it broke would not of itself be evidence of a defect."

The judge submitted to the jury two special questions, which with the answers to them were as follows: First: " Was the breaking of the hook caused by a transverse shock caused by the slipping of the casting? " The jury answered " No." Second: " Was the hook crystallized? " The jury answered " No.".

The jury returned a verdict for the defendant on the second count, and a verdict for the plaintiff on the third and fourth counts.

The defendant excepted to the refusal of his requests for rulings and to the last sentence of the portion of the judge's charge quoted above. After the death of *Gaskill,* J., the exceptions alleged by the defendant were allowed by *Fessenden,* J.

The case was submitted on briefs.

*C. C. Milton, G. A. Gaskill & F. L. Riley,* for the defendant.

*D. I. Walsh, T. L. Walsh & C. B. O'Toole,* for the plaintiff.

HAMMOND, J.   While the plaintiff was at work for the defendant upon a heavy casting suspended by a hook and chain, the hook broke and the casting fell upon and injured him.   Of the five counts in the declaration the case went to the jury upon only the second, third and fourth.   The second was under the statute and charged a defect in the ways, works or machinery; the third, also under the statute, charged negligence of a superintendent, while the fourth was at common law, charging that the defendant furnished improper, dangerous and defective machinery.   The jury found on the second count for the defendant, and on the third and fourth counts for the plaintiff; and the case is before us upon exceptions taken by the defendant at the trial.

The contention of the plaintiff was that the breaking of the hook was due either to its own weakness or to a sudden strain brought upon it by a slipping of the casting in the chain, or in other words that the cause of the accident was either a weak hook or an improper hitch.   The second and fourth counts seem to be based upon the former theory and the third, in part at least, upon the latter.   The defendant does not argue, as indeed it could not truly, that there was no evidence of the due care of the plaintiff or that he assumed the risk.

It is strenuously urged however that there was no evidence that the hook was weak.   So far as respects the testimony of the experts and of those who had made a personal examination of the hook, it must be said that there is a very strong case made out for the defendant on this point.   But after all there was some conflict in this part of the evidence, and it was for the jury to say what credit they would give to Miller, the expert called by the plaintiff.   Moreover, one salient fact must not be lost sight of.   The hook broke while holding a weight much less than a hook of that size, if sound, should have held.   That

fact unexplained is of itself evidence of a defective condition. *Doherty* v. *Booth*, 200 Mass. 522, and cases cited.

And the fact, if it be a fact, that the verdict for the defendant on the second count shows that the jury found that the hook was not defective is not material. Whether upon the evidence a question should be submitted to a jury manifestly cannot be dependent upon the result which they may finally reach upon the question when it is so submitted. Whether there is any inconsistency between the verdict for the defendant on the second count and that for the plaintiff on the fourth count is not before us. The question of the soundness or suitableness of the hook was properly left to the jury.

The defendant further says that, even if the hook was defective, there is no evidence that the defendant was negligent in not ascertaining that fact. The hook had been used several months. In view of the evidence as to the material of which the hook was made, as to the length of time it had been used, and the kind of use including its exposure to fire, as to the effect reasonably to be expected therefrom upon it by way of crystallization or otherwise, and as to the lack of inspection, the question of the negligence of the defendant was for the jury. The first and third requests were properly refused.

The evidence as to the kind of the hitching, while conflicting, would warrant findings that the chain was placed around the casting by the plaintiff in the manner ordered by Kenney, the superintendent; that this manner was improper in that the casting was likely to slip in the chain, and the hook was unfavorably placed to sustain the sudden weight likely to come upon it by such slipping; that the breaking of the hook was due to a slipping of the casting by which the hook was suddenly subjected to a strain unusually heavy and coming at an unusual angle. While upon this branch the case is close, still the questions whether in all this the plaintiff, an experienced workman, acted under the order of the superintendent, and whether the order was negligent, were for the jury. The third count was properly submitted to the jury.

*Exceptions overruled.*