## Frances J. Foster v. James W. Gaffield.

*Special findings: General verdict: Inconsistency: Statute construed.* It is only competent, under the statute (*Comp. L.* § *6026*), to render judgment upon special findings of fact, and against the general verdict, upon the ground that they are inconsistent, where it is impossible, though all presumptions be made in favor of harmony, to reconcile the special findings with the general one.

*Special questions to jury: Construction: Controlling general verdict.* Special questions to the jury and their answers thereto are to be applied by the record only, and not by explanations outside the record; and such a question and finding, which regarded in the light of the record is meaningless or irrelevant, ought not to control a general verdict.

*Special findings: Inconsistency: General verdict.* Where two special findings are inconsistent with each other, and only one of them is inconsistent with the general verdict, they neutrailze each other and leave the general verdict to stand.

*Replevin: Special findings: Possession: Detention: General verdict.* Where in an action of replevin the jury in response to one special question have answered that the property was not detained or held by defendant when the suit was brought, and to another that he was connected with the detention or possession thereof, it is to be presumed their meaning was, that though defendant did not personally hold or detain the property, he was a party in some way to the detention; and so construed, these special findings are not inconsistent with a general verdict for plaintiff.

*Heard June 14.     Decided June 21.*

Error to St. Clair Circuit.

*Atkinson & Stevenson,* for plaintiff in error.

*Mitchell & Avery,* for defendant in error.

CAMPBELL, J:

Plaintiff brought replevin for a sewing machine, which was not taken on the writ, and the case proceeded under the statute applicable in such circumstances, whereby provision is made for the recovery of the property or the value thereof against the defendant who is shown to be liable.— *2 C. L.,* § *6738.*

The jury rendered a general verdict for the plaintiff. They also answered certain specific questions, and the circuit

court, regarding those answers as inconsistent with the general finding, entered a judgment for the defendant.    This action is assigned as error.

The statute which is supposed to justify this judgment declares that "when a special finding of fact shall be inconsistent with a general verdict, the former shall control the latter, and the court shall give judgment accordingly." *2 C. L.,* § *6026.*

As this provision is one which very seriously affects the principle of trial by jury, in which a general verdict has always been regarded as within the right of the jurors, and not to be inquired into in its elements if the panel is unanimous in the result, the change, which determines in favor of the special as against the general finding, can only be made operative where the two cannot be reconciled.    All presumptions must be made in favor of harmony, where harmony is possible, because both findings are under the same oath.

In the case before us the jury were desired among other things to answer three specific questions, which were as follows:

1. "Had defendant entirely parted with possession to Corbishley before the affidavit was made?"    Answer—"Yes."

2. "Was the property then detained or hold by defendant?"    Answer—"No."

3. "If he had sold it before, was he then in any way connected with the detention, or possession; if so, how?" Answer—"Yes."

It may be remarked that the first of these questions, which must be applied by the record, and not by parol evidence which does not appear on the record, is by itself meaningless.    There is nothing on the record to show what Corbishley had to do with the case, and the question can only be made intelligible by explanations which are entirely beyond the record.    To control a general verdict by such a finding would be a dangerous practice.    In an appellate court, where the record may be brought up without exceptions, the relevancy of the finding would not be obvious.

FOSTER *v.* GAFFIELD.

Assuming it to refer, as it no doubt does, to the property in litigation, it is very questionable whether this assumption would justify interference.

But the second question and its answer are supposed to show conclusively the incorrectness of the general verdict. This answer finds that the defendant did not hold or detain the property when the suit was commenced, but the third answer finds that he was in some way connected with the detention or possession.

It must be presumed that the jury in their answer to the second question understood it to refer to personal and immediate detention or holding, while they were satisfied that, although not holding it personally, the defendant was a party in some way to the detention. This was certainly consistent with the general verdict. If the second and third answers are claimed to be inconsistent with each other, then one would neutralize the other, and so leave the general finding to stand. In either view the verdict could not be disturbed. But we do not think there is any difficulty in reconciling them all.

We do not think the case calls for any discussion of the question, whether under our statutes an action of replevin will lie against a party who does not detain the property at the time of suing out the writ and making the affidavit, where he has wrongfully taken or detained it before. That difficulty is not presented by the record before us, and can be more safely disposed of when the facts are such as to require its decision.

The judgment below must be reversed, and a judgment entered for the plaintiff on the general verdict, with costs of both courts.

The other Justices concurred.