SELBY v. DETROIT RAILWAY.

1. CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS WHILE ALIGHTING.

A passenger on a street car is justified, as a matter law, in assuming that the car is stopping for her to alight, where, after she had informed the conductor where she wished to stop, the car ran by the usual stopping place, and immediately afterwards the bell was rung and the car stopped midway of the block.

2. SAME — NEGLIGENCE — STARTING CAR WHILE PASSENGERS ARE ALIGHTING.

Where a street car is stopped under circumstances which justify a passenger in believing that he is invited to alight, the conductor must not start the car while passengers are in the act of alighting.

Error to Wayne; Hosmer, J.   Submitted April 5, 1905. (Docket No. 20.)   Decided July 24, 1905.

Case by Marion Selby against the Detroit Railway for personal injuries.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Corliss, Andrus, Leete & Joslyn*, for appellant.
*James H. Pound*, for appellee.

GRANT, J. This case is before us for the second time.
See 122 Mich. 311. A full statement of the facts here is
therefore not essential. The theory of the plaintiff and of
the defendant is there stated. We there declared the law
of the case in the following language:

" If the claim of the plaintiff was true that she had been
carried past the place where she desired to alight, and the
car was stopped farther on by the conductor to enable her
to alight, then it was negligence on the part of the com-
pany to start the car while she was in the act of stepping
from the car to the pavement."

The plaintiff had notified the conductor that she desired
to stop at Park Place. He did not stop. Plaintiff and her
escort were standing upon the rear platform of a crowded
car. She said to her escort that the car is not going to
stop, and thereupon he stepped to the door, and the bell
was rung, the car immediately checked its speed and stop-
ped about the center of Washington Boulevard, opposite
the end of what is called the " Parking." The usual place
of stopping is on the opposite side of Washington Boule-
vard. Plaintiff claims that while the car was standing still
she proceeded to alight, the car started, and threw her to
the pavement. The court instructed the jury that:

" If the car had come to a full stop, I think, under the
circumstances, it operated as an invitation to her to alight.
*   *   * If the car had come to a stop, it was the conduct-
or's duty to see, before allowing the car to proceed, that
no person was in the act of alighting, and it was the mo-
torman's duty, before he started the car, to receive the
proper signal from the conductor. *   *   * If the plain-
tiff attempted to alight from the car before it had stopped,
and while it was still moving, she was guilty of contrib-
utory negligence, and cannot recover."

Counsel for defendant contend that the question whether
the plaintiff was justified in assuming that the car had
stopped for her to alight was one of fact for the jury, and
not of law for the court. This presents the sole question
for determination.

The ordinance requires that cars shall be stopped on the

farther side of the street approached by them. The contention of the defendant is that the car had stopped in an unusual place, and under unusual conditions, created by the number of cars preceding it, requiring the rear cars to slow their speed or to stop entirely in order to give the car ahead time to unload its passengers at the usual place; and that if the plaintiff saw, or should have seen, the cause for stopping, it was her duty to remain upon the car until arriving at the usual place for passengers to alight, on the opposite side of the street. It is clear that the plaintiff did not and could not know the cause of the stop. She knew she had notified the conductor to stop and let her off at Park Place; that she had been carried past; that the bell had immediately been rung for a stop; that the car immediately, in response to the bell, had slowed down, and finally stopped. Under these circumstances she had a right to assume that the stop was made in response to her request in order that she might alight. There was no more difficulty in alighting in the center of the street than on the side. It was entirely natural for her to conclude that the conductor had temporarily forgotten her desire to alight at Park Place, had recalled it, and had signaled for the car to stop, so that she, her escort, and others might alight. We are not dealing with a case happening in broad daylight, where the passenger could see all the surroundings and the reason for stopping as well as could the conductor and motorman. If many cars were in use that night upon this line, and were crowded on account of the great number who had been to see a show on the outskirts of the city, it was all the more necessary that the conductor should exercise care, and see that no one was attempting to get off after his car had stopped and before starting. Cases of passengers alighting at the regular stations of steam railways, where platforms are provided, and brakemen, porters, and conductors are provided to call off the stations and to assist passengers in alighting, have little or no application to street railways, where the street is

the only place of alighting.    We have examined the street-railway cases (*Poole* v. *Railway Co.*, 100 Mich. 379 [25 L. R. A. 744]; *Jackson* v. *Railway Co.*, 118 Mo. 199; *Nichols* v. *Railroad Co.*, 106 Mass. 463; *Patterson* v. *Railway Co.*, 90 Iowa, 249; *Chicago West Div. R. Co.* v. *Mills*, 91 Ill. 39; *North Birmingham Street R. Co.* v. *Calderwood Co.*, 89 Ala. 247) cited by the defendant, and none of them parallel this case in their facts, and have but little bearing upon it.    None of them are in conflict with the rule herein announced.    The only disputed question of fact was whether the car had stopped, or whether the plaintiff attempted to alight when it was moving slowly.    This question of fact the jury decided in favor of the plaintiff.    When a street car is stopped under circumstances which justify a passenger in believing that he is invited to alight, it is a reasonable and universal rule that the conductor must not start his car while the passengers are in the act of alighting.

A motion was made for a new trial on the ground that the verdict is excessive.    This motion was overruled by the court, and we do not think the evidence justifies us in reversing the case on that ground.

Judgment affirmed.

Carpenter, McAlvay, Montgomery, and Hooker, JJ., concurred.