## BURKE v. BAY CITY TRACTION & ELECTRIC CO.

1. CARRIERS — STREET RAILROADS — INJURIES TO PASSENGERS — ALIGHTING FROM CAR—CONTRIBUTORY NEGLIGENCE.

It is not negligent, as a matter of law, for a street-car passenger to attempt to alight at a regular alighting place, where the car has apparently stopped for the purpose of permitting him and other passengers to alight.[1]

2. SAME—SETTING DOWN PASSENGERS—NEGLIGENCE.

It is negligence to suddenly start a street car while a passenger is in the act of alighting therefrom, at a regular alighting place, after having been invited to alight by the stopping of the car apparently for that purpose.

3. SAME—ALIGHTING FROM MOVING CAR—CONTRIBUTORY NEGLIGENCE.

It is not negligence, as a matter of law, to attempt to alight from a moving street car, the question of negligence in such cases depending on the circumstances, the most important of which is the rapidity of motion.

4. SAME—TRIAL—SPECIAL INTERROGATORIES TO JURY—INCONSISTENCY.

A special question to the jury, "Was the car at full stop when the plaintiff stepped or got off ?" answered in the affirmative, is not inconsistent with a general verdict for plaintiff nor with the answers to other special questions showing that the car came to a stop and suddenly started again while plaintiff was in the act of alighting.

5. TRIAL—VERDICT—SPECIAL FINDINGS—INCONSISTENCY—EFFECT.

Inconsistency of special findings with each other does not affect the general verdict.

6. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE—DILIGENCE.

In the absence of a showing of diligence, a new trial on account of newly-discovered evidence is properly denied.

Error to Bay; Collins, J. Submitted November 6, 1906. (Docket No. 105.) Decided February 5, 1907.

---

[1] As to negligence in getting on or off a moving street car, see note to *Jagger* v. *People's Street R. Co.* (Pa.), 38 L. R. A. 786.

Case by Asa Burke against the Bay City Traction & Electric Company for personal injuries. There was judgment for plaintiff, and defendant brings error. Affirmed.

*T. A. E. & J. C. Weadock*, for appellant.

*De Vere Hall* and *F. P. McCormick*, for appellee.

Carpenter, J. Plaintiff brings this suit to recover compensation for injuries sustained October 7, 1904, while he was a passenger on one of defendant's street cars in Bay City. He testified that, as the car approached Twenty-Third street, he indicated his desire to alight by giving the customary signal.

" When it came within 12 or 14 feet of the crossing * * * she slacked down. * * * It had every appearance of stopping. * * * I went * * * on the rear platform. * * * Two passengers * * * got off before me. * * * I took hold of one [a bar] at the left side. I had my dinner basket in my right hand. After the second passenger got off, I fell down—I stepped down. The car was * * * probably five or six feet past the crossing. * * * When those passengers got off the car was not standing still. The car was right on the point of stopping when I went to step off. The last I noticed was when the second man stepped off, then it was right on the point of stopping. And I was satisfied, certain without any doubt, that it would be stopped by the time I could get down. I had to look so close to see the lower step that I didn't notice whether she had come to a stop or not, but, in my opinion, she had, but just as I stepped she shot off and I struck. * * * As soon as I struck I let go. I might have held on an inch longer than I did if the car had not started."

In consequence of this sudden starting of the car he (plaintiff) was thrown to the ground and injured. Plaintiff obtained a verdict and judgment in the circuit court. Defendant seeks a reversal upon several grounds.

*First.* It contends that a verdict should have been directed in its favor. This contention compels us to consider this question, Was there evidence that plaintiff was

injured (a) in consequence of defendant's negligence, and (b) while he himself was in the exercise of due care ? The jury might have inferred from plaintiff's testimony that the car came to a stop for the purpose of permitting him and other passengers to alight, and that, while he was alighting, it suddenly started. To attempt to alight under these circumstances was not contributory negligence. To start the car under these circumstances was negligence. *Selby* v. *Railway*, 122 Mich. 311.

Defendant refers to cases (*Bradley* v. *Railway Co.*, 94 Mich. 35; *Etson* v. *Railway Co.*, 110 Mich. 494; *Conroy* v. *Railway*, 139 Mich. 173) holding that the acceleration of the speed of a street car between its stopping places is not evidence of negligence. The principle of these cases has no application where the car is started when a passenger is alighting therefrom at the invitation—express or implied—of the carrier. In such a case—and this is such a case—it is, as above stated, negligence for the carrier to start the car.

*Second.* Defendant contends that the court erred in giving the following instruction to the jury:

"If the car was at the usual alighting place at the time that plaintiff attempted to alight, he would not be guilty of contributory negligence, as a matter of law, in alighting there, if he had given the proper signal for the car to stop and at the time he made such attempt he believed it had stopped, but it had not in fact, but was merely moving so slowly that a prudent person under the same circumstances would have alighted. If, however, the car had not practically come to a stop at the point and plaintiff was injured in consequence thereof, he cannot recover."

Defendant contends that the foregoing instruction was erroneous on the ground that it was contributory negligence for plaintiff (a passenger) to attempt to alight if the car had the slightest motion. Upon this proposition we approve the following reasoning of the supreme court of Illinois (*Cicero, etc., R. Co.* v. *Meixner*, 160 Ill. 321 [31 L. R. A. 331]):

" Electricity as a motive power, while stronger and more powerful and with possibilities of a greater speed, is at the same time more nearly under the control of the person in charge than horse power.  The strict rule in force regarding the negligence of a person alighting or boarding an ordinary train of steam cars had for it many good and sufficient reasons, which are not applicable to the electric car, as in general use.  In the latter case, stops are more frequent, and opportunity for great speed is not presented.  Steps for passengers are near the ground, and the chances of a misstep or fall are not so great as in steam cars.  * * *  While, in electric cars, the possibilities of speed are greater than in the case of horse cars, yet the general operation and management of such cars so nearly approach that of horse cars that it must be held that the same rule of law  * * *  that it is not negligence per se to board or depart from such cars while in motion, is also applicable to electric cars."

This does not mean that a court can never say, as a matter of law, that it is negligence for a passenger to get on or off a moving car.  That depends on circumstances, the most important of which is its rapidity of motion. When it is moving as slow as indicated by the testimony in this case that question (the question of contributory negligence) should be left to the jury.  See, also, 6 Cyc. p. 648; Beach on Contributory Negligence (3d Ed.), § 291.

*Third.*  Certain special questions were submitted to and answered by the jury.  We give those questions and their answers:

" 1. Did the plaintiff get off the car before it stopped ?
" *A.* No.
" 2. Did the car stop  * * *  before plaintiff got off ?
" *A.* Yes.
" 3. Was the car at full stop when the plaintiff stepped or got off ?
" *A.* Yes.
" 4. Was the car moving when the plaintiff got off ?
" *A.* Yes.
" 5. Did the car  * * *  come to a stop  * * * at the usual stopping place for passengers to alight ?
" *A.* Yes."

Defendant complains because the trial court declined to grant a new trial upon the ground that these answers were inconsistent with the verdict, and inconsistent with each other. It is apparent from the foregoing reasoning that the answer that the car was moving when the plaintiff got off is not inconsistent with the verdict. If, however, the answers imply that the car did not start while the plaintiff was alighting, they are inconsistent with the general verdict, for I think the verdict rests upon the proposition that the car did start at that time. Is it to be inferred from any of these answers that the car did not start while the plaintiff was alighting? If this inference is to be drawn it must be drawn from the answer "Yes" to question 3: "Was the car at full stop when the plaintiff stepped or got off?" This question is ambiguous. It is susceptible of two constructions. The jury might have understood it as asking if the car was at full stop, either when the plaintiff "stepped" or when he "got off" (and this question they would have answered "Yes" if they found that the car was at full stop when plaintiff stepped, though they found it was in motion before he had time to let go of the supporting bar with his left hand), or they might have understood that the words "stepped" and "got off" were used synonymously, and that they were asked if the car was at full stop when plaintiff alighted therefrom. If such ambiguous questions are submitted—and the trial court might very properly refuse to submit them—they should be construed as the jury understood them. Otherwise their answer is not given the effect that the jury intend. By what means shall we ascertain the understanding of the jury? The party who propounds such questions—in this case, the defendant—is responsible for their ambiguous character, and all serious doubts should be resolved against him. Under such circumstances it should be presumed that the jury placed that construction upon the question which makes their answer thereto harmonious with their general verdict and with their answers to the other special questions. Any other rule would give an unfair advantage

to the party asking ambiguous questions and encourage him to persist in an improper practice. In the case at bar, by their general verdict and their answers to the other special questions, the jury have found that the car started when plaintiff was alighting. It follows that, by their answer to the question under consideration, they did not intend to declare that the car did not start when plaintiff was alighting; that they understood that question to ask if the car was at full stop, either when the plaintiff "stepped," or when he "got off." This question they could not answer "No," because they determined that the car was at full stop when plaintiff stepped, and therefore, in accordance with this determination, they answered it "Yes." The jury's answer to question 3 is, then, merely a finding that the car was at full stop when plaintiff stepped. We conclude that the jury's answers to the special questions are not inconsistent with their general verdict, and the same reasoning proves that those answers are not inconsistent with each other; and if they were, the verdict would not, for that reason, be disturbed. *Foster* v. *Gaffield*, 34 Mich. 356.

*Fourth.* It is contended that the court erred in refusing to grant a new trial upon the ground of newly-discovered testimony. It is sufficient to say that, under the rule laid down in *Canfield* v. *City of Jackson*, 112 Mich. 123, and *Grand Rapids Electric Co.* v. *Manufacturing Co.*, 142 Mich. 4, there was no error.

No other question demands consideration.

Judgment is affirmed.

Montgomery, Ostrander, Hooker, and Moore, JJ., concurred.