BEATTIE *v.* DETROIT UNITED RAILWAY.

1. COMMON CARRIERS — STREET RAILWAYS — ALIGHTING FROM OR BOARDING CARS.

A street railway company is bound to exercise the highest degree of care, or that care which a very prudent person would have used under the circumstances, in taking on or discharging passengers.

2. SAME.

The car must stop long enough to enable the passenger boarding or alighting from the car to reach a place of safety.[1]

3. SAME—NEGLIGENCE.

Upon uncontradicted evidence that the plaintiff was standing with one or both feet on the lower step of a car which he was boarding, that there was snow on the step and on the ground, which was inclined to ball up under the feet, that plaintiff had a heavy grip in his right hand and was grasping a rear hold with his left, when the conductor, knowing these facts, signaled to start the car, which moved and threw plaintiff off injuring him, warrants the instruction to the jury that the defendant was guilty of negligence *per se.*[2]

4. EVIDENCE — PLEADINGS IN FORMER ACTION—JUDGMENTS—CONCLUSIVENESS.

If any error was committed on the trial in admitting in evidence pleadings from a prior action in which the declaration claimed damages for permanent injuries, and in holding that the same was conclusive upon the plaintiff, it was not prejudicial, in view of instructions permitting a recovery for such injuries on the ground that the same constituted no part of the former judgment, having been excluded therefrom by the court.

Error to Wayne; Murfin, J. Submitted June 18, 1909. (Docket No. 88.) Decided September 21, 1909.

[1] As to starting car before passenger is seated, see note to *Louisville, etc., R. Co.* v. *Hale* (Ky.), 42 L. R. A. 293, and note to *Bennett* v. *Railway Co.* (Ky.), 4 L. R. A. (N. S.) 558.

[2] As to injuries in getting on and off railroad trains, see note to *Carr* v. *Eel River, etc., R. Co.* (Cal.), 21 L. R. A. 354.

Case by Robert Beattie against the Detroit United Railway for personal injuries. A judgment for defendant is reviewed by plaintiff on writ of error. Reversed.

*Thomas J. Mahon* and *J. Emmet Sullivan* for appellant.

*Brennan, Donnelly & Van De Mark*, for appellee.

McALVAY, J. This is an action brought for personal injuries received by plaintiff on account of the claimed negligence of the conductor of a car of defendant which plaintiff was attempting to board as a passenger. He had stepped upon the first step of the rear platform, and taken hold of the rail with one hand, when the car was suddenly started and plaintiff thrown off. The jury found a verdict for defendant. Plaintiff urges that errors occurred during the trial on account of which the judgment against him should be reversed, and a new trial ordered.

The facts in the case are that plaintiff, a salesman of teas and coffees in Detroit, went about this business carrying a heavy grip. He was about 67 years old, 5 feet 6 inches in height, and weighed 258 pounds. In January, 1907, at the corner of Michigan avenue and Griswold street, in Detroit, he undertook to board a west-bound Baker street car which was standing still. He carried this grip in his right hand, took hold of the rail dividing the rear platform with his left hand, and stepped upon the lower step of the car. There was some snow on the ground that day and some on the car steps. The car conductor was standing on the rear platform waiting for plaintiff to get on, and when he got in the place and position above described, as the conductor claims, standing with both feet on the step, he signaled the motorman to start the car, which was done, and thereupon plaintiff was thrown or fell from the car step. The conductor testifies that plaintiff slipped down on the step in a sitting posture, and the car went about 10

feet when he rolled off. The conductor stopped the car and went back after him, assisting him on to the car.

Plaintiff has assigned error on the refusal of the court to charge the jury as requested:

" The testimony in this case shows that the defendant through its servant was guilty of negligence. You will therefore have to consider the question of the amount of damages only."

But two persons testified as eyewitnesses to the accident—plaintiff and the conductor of the car. There is not any dispute in their testimony, except as to whether plaintiff was on the step with one or both feet, at the time the car started. The conductor testified that he was watching plaintiff, knew that he was incumbered with a heavy grip; that the snow was likely to ball up under his feet; that he was grasping the rail with his left hand; that plaintiff was a man past 50 or more years of age; and that a forward start of the car would likely tend to throw the boarding passenger toward the railing he was grasping. He testified further on direct examination:

" He stepped on the step. The car started. It had a little snow on, and he slipped off.
"*Q.* His foot slipped ?
"*A.* Yes. He went in a sitting posture on the step, and the car went maybe 10 feet or so, and then he rolled off in the snow. There was snow on the ground."

On cross-examination he said:

"*Q.* How far had Beattie got on the step when he fell ?
"*A.* He was standing on it.
"*Q.* Which foot did he have on ?
"*A.* Both feet, I guess.
"*Q.* Which step?
"*A.* First step.
"*Q.* One nearest the ground ?
"*A.* Yes.
"*Q.* That is the step that had the snow on ?
"*A.* Yes."

The negligence charged is that the car was started before plaintiff had opportunity to reach a place of safety.

The degree of care required to be exercised by carriers of passengers upon steam railways in securing the safety of passengers entering or alighting is "the highest care, or the care which a very prudent person would have used under the circumstances." This rule is also applicable to street cars.

It is the duty of the street car to stop for the purpose of taking on or letting off passengers.

"The time of stoppage must be such as to enable the passenger attempting to get on or off to reach a place of safety, either on the street, or in the car, before it is started." 6 Cyc. pp. 611, 615, 616, and cases cited.

See, also, *Selby* v. *Railway*, 141 Mich. 112 (104 N. W. 376); *Burke* v. *Electric Co.*, 147 Mich. 172 (110 N. W. 524). The carrier is liable for injuries to a passenger caused by a disregard of this duty. We find no authority to the contrary. No question of contributory negligence of plaintiff is raised in the case at bar. On the facts, which are undisputed, there is no room for such a question.

The question to be considered, then, is whether the conductor was guilty of negligence, under these circumstances, as a matter of law. We can arrive at no other conclusion. The car was stopped for the sole purpose of taking plaintiff as a passenger. It was started as soon as he got on the lower step with his large grip in one hand and the other holding the railing. No time was given for him to even get on the platform. The car was started, and he was thrown off. There is no evidence in the case tending to show that anything else caused his falling from the car. The testimony of the plaintiff and the conductor does not warrant any other conclusion.

The disputed fact as to whether one or both feet were on the lower step is of no significance. The conductor had no right to start the car as he did. Plaintiff should have been given time to get to a safe place. Mr. Booth, in his work on Railway Law, says:

"It is clearly negligent as a matter of law to start the car with a sudden jerk while the passenger is on the step." Booth on Street Railway Law, § 348, and cases cited.

The court was in error in refusing this request. As a new trial must be had, it will be necessary to consider only those questions which are likely to arise at that time.

It was claimed on the part of defendant that plaintiff's claim was not a *bona fide* one, and also that he was seeking to recover for permanent injuries. The files and records in a former case were offered in evidence to show that a recovery had been had by the plaintiff against the defendant for a street railway injury caused by defendant's negligence, and that damages were claimed, among other things, for permanent injuries, and that the allegations in that declaration were conclusive upon him. The objection made by plaintiff was that all the allegations made in the declaration were not conclusive against him in the case at bar, and he offered to show that they were drawn by his attorney and he knew nothing of the language used. The court had admitted the files and records in the former case, and held that the evidence offered by plaintiff was inadmissible, and that he was concluded from disputing or questioning any of the allegations contained in the declaration. An examination of the charge of the court to the jury in that case disclosed that the question of damages for permanent injuries was taken from the jury on the ground that there was no proof to sustain the claim. This fact was announced to the jury in the case at bar.

Discussion of the ruling of the court in admitting the files and records of the former case is unnecessary, as it appeared that the question of permanent injuries had been taken from the jury, and it appeared clearly that plaintiff had not recovered in the former case for permanent injuries he was claiming in the case at bar. Consequently, if any error was committed by the court in admitting these files and records and denying plaintiff the right to introduce the testimony offered, it was not preju-

dicial. No other questions require consideration. The greater portion of them cannot recur, and the exercise of good judgment on the part of defendant's attorneys in addressing the jury will avoid the others.

The judgment is reversed, and a new trial ordered.

BLAIR, C. J., and GRANT, MOORE, and BROOKE, JJ., concurred.