W. P. Finger, *Appellee*, v. The Wichita Railroad
and Light Company, *Appellant*.

No. 17,164.

### SYLLABUS BY THE COURT.

Negligence—*Contributory*—*Question of Law or of Fact.* It
is not contributory negligence *per se* for a passenger to at-
tempt to alight from a street car practically stopped at the
usual stopping place at a street crossing. Whether it was
negligence for a passenger to do so in this instance was a
question for the jury upon all the evidence.

Appeal from Sedgwick district court. Opinion filed
June 10, 1911. Affirmed.

### STATEMENT.

The railway company appeals from a judgment
against it for damages for personal injuries to a pas-
senger. The negligence complained of was a sudden
starting forward of the car while the appellee was
alighting and before he had a reasonable time to do so,
causing him to fall. The appellee entered a west-bound
car, and notified the conductor that he wished to leave
it at Oak street. He testified that after proceeding
some distance the conductor said: "This is Oak street.
This is the place you get off," and motioned to him to
go out; that the car was then slowing up and he walked
to the platform; that after the car had practically
stopped and just as his foot touched the step and with
one hand holding his grips and the other hand upon
the guard rail or stanchion, the car started suddenly
with a jerk ahead that caused him to fall to the ground
and be injured. The conductor testified that the ap-
pellee informed him of his wish to leave the car at Oak
street, and that after crossing the street next east of
Oak he called: "Oak street," and gave the motorman
the bell for the stop; that just then, while his attention
was directed to another passenger, the appellee left the
car sixty or eighty feet from the west side of the street;

that when the call of Oak street was given, the appellee motioned to him, whereupon he (the conductor), to use his own language, "thought it was all right . . . to say this is Oak street. . . . He looked right at me and I nodded my head to tell him it was the place to get off." The conductor also testified that the car commenced to slow down when the signal was given to the motorman and came to a full stop at the proper place on the west side of the street; and that there was no increase of speed after the car commenced to slow down until it stopped. In answer to special questions the jury found that the car had practically stopped when the appellee got off; that he did not leave it before it reached the proper place; that there was a sudden lurch or jerk of the car which threw him off; that he was not negligent in attempting to get off as he did; that the conductor, who was then inside the car, knew when he started to go off, but did not instruct him to get out upon the platform as the car approached Oak street, or to get down upon the steps.

The company appeals from a judgment upon the general verdict against it, and assigns error in ruling upon the demurrer to the evidence; in the instructions; in overruling its motion for judgment on the special findings; and in denying its motion to set aside the verdict and for a new trial.

*Kos Harris,* and *V. Harris,* for the appellant.

*Houston & Brooks,* and *Fred K. Hammers,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: Among other things the court instructed the jury that:

. "The burden is upon the plaintiff to prove by the greater weight of the evidence, first, that he gave a signal, or told the conductor at what street he desired to get off; second, that the car slowed down to stop at the west side of Oak street, and that the plaintiff then

went upon the back platform, and stepped down on the step, preparatory to getting off, and that thereafter and before the car reached the west side of Oak street, the speed of the car was increased by a sudden jerk or jolt, which threw the plaintiff off, and that at the time the plaintiff stepped down upon the step, the car had then slowed down to such an extent that it was safe and prudent for the plaintiff to step down upon the step, and unless you find all of the above facts in favor of the plaintiff, you should find for the defendant."

The appellant requested an instruction as follows:

"You are instructed that before you can find for the plaintiff in the above-entitled action, you must find from the greater weight of the evidence, that the car had slowed down to stop at the west side of Oak street and was moving so slow that the plaintiff, without being guilty of imprudence, could have stepped off of the car, and that as he was getting off the car suddenly started forward and threw him to the ground."

Thus it appears that upon the vital question in the case the court and counsel for the appellant were in harmony as to the rule of law, viz., that the plaintiff might recover if the car was moving so slowly that it was not negligent or imprudent for the passenger to attempt to alight, and the car was suddenly and negligently started forward with such force as to throw him to the ground and injure him while he was making the attempt.

There was a conflict in the evidence upon the questions whether the appellee negligently attempted to leave the car before it reached the proper stopping place; or whether he waited until it was at the proper place, and practically stopped so that he might prudently alight. Also, whether there was a sudden start or jerk of the car forward while he was attempting to get off. There was no testimony other than that of the passenger and the conductor. Upon proper instructions the jury found for the appellee and the judgment can not be disturbed.

It is argued in the brief of the appellant that the appellee was negligent *per se* in attempting to leave the car while in motion, but this contention was not in harmony with its request for an instruction, quoted above. A passenger is not chargeable with negligence as a matter of law merely because he alights from a street car at a regular stopping place after it has been practically stopped for that purpose. Whether it was negligent for the appellee to do so in this instance in the circumstances shown was a question of fact for the jury. (*A. T. & S. F. Rld. Co. v. Hughes,* 55 Kan. 491; *Burke v. Bay City Traction, etc., Co.,* 147 Mich. 172; *Puget Sound Electric Ry. v. Felt,* 181 Fed. 938; 6 Cyc. 648.)

The judgment is affirmed.