MEMPHIS ST. RY. CO. v. HUGGINS et al.

SAME v. HUGGINS.

(Circuit Court of Appeals, Sixth Circuit. June 30, 1914.)

Nos. 2475, 2476.

1. CARRIERS (§ 287*) — LIABILITY FOR INJURY TO PASSENGER — STREET RAILROADS—SUDDEN STARTING OF CAR.

A street railroad company is liable for an injury to a passenger who is actually thrown and injured by the sudden starting of a car while boarding it in the exercise of due care and before he is safely on the platform, and it is immaterial whether the car was started intentionally or unintentionally through negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1154–1159, 1161–1166; Dec. Dig. § 287.*]

2. APPEAL AND ERROR (§ 1064*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

The giving and refusal of instructions, in an action by a passenger to recover from a street railroad company for an injury caused by the sudden starting of a car while plaintiff was boarding it, considered and held without prejudicial error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4523; Dec. Dig. § 1064.*]

In Error to the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Actions at law by Estella Huggins and Albert Huggins, her husband, and by Albert Huggins against the Memphis Street Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Sam P. Walker, of Memphis, Tenn., for plaintiff in error.

Ike W. Crabtree, of Memphis, Tenn., for defendants in error Huggins.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

KNAPPEN, Circuit Judge. These actions were brought to recover damages resulting from injuries sustained by Estella Huggins while boarding a car of plaintiff in error in the city of Memphis. In No. 2475 recovery is sought on account of her personal injuries. No. 2476 is brought by her husband for the loss of her service. The gist of the charge in the declaration in each case is that while Mrs. Huggins (whom we shall call the plaintiff) "was in the act of boarding said car, and before she had time to reach a seat therein, the defendant" negligently and suddenly started the car, whereby she was thrown violently against an iron rod on the platform; and that after the car had been so started and she so thrown, and before she could regain her balance and reach a seat, the car was negligently brought to a sudden stop, whereby she was again violently thrown against the back of the platform. The plea in each case denied defendant's negligence, and alleged contributory negligence on plaintiff's part. The causes were consolidated and tried to a jury, and verdict was rendered and judgment entered against the defendant in each case.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The undisputed evidence shows that plaintiff, accompanied by two children (3 and 8 years old) and a niece, sought to board the car at a certain crossing. The car ran by the crossing to a switch, where it stopped, and the doors of the car (which was of the pay-as-you-enter kind) were opened for the admission of passengers. Plaintiff testified that just as she "stepped on that bottom step and steps up on the platform," with the younger child on her arm and a suit case in her hand, the car made a sudden jerk; as again expressed, "I was just making—I had done stepped one foot upon the platform and this other foot had done got up and had not stepped" when the jerk was made; that she was thus thrown against the back of the car, saw her other child and niece "fastened up in the gates," and called to the conductor to stop the car; that the conductor did so by the bell signal, and so suddenly that she was thrown against the platform rod; that as the result of one or the other of the jerks her child and suit case dropped to the floor. The niece testified that after plaintiff "had got on the car, just about to get up on the platform," and the niece had put the older child on the bottom step, the car started off, shutting the gates on the niece's arm, thus compelling her (to avoid being thrown) to go with the car about 15 feet down the track until it stopped; that both the starting and the stopping were sudden. The niece did not know how far her aunt had progressed except that "she was on the platform enough for me to get the little girl on the bottom step." A fellow passenger testified that the car started suddenly and with a jerk when plaintiff was "getting on the car, at least after she had got on the car, just got on the platform, with a child in one hand and a suit case in the other." As to the manner of the accident, defendant presented but two witnesses, the motorman and the track foreman, who testified in effect that, as the motorman was trying to turn the switch, the car started and moved only three or four feet, until the brakes were again set by the motorman; the start occurring because the brakes had been released too much (the car was on a slight downgrade) and (as testified by the motorman) without the use of current. Both testified that the car was neither started nor stopped with a lurch, although both admitted that its movement was unexpected, the motorman testifying that the stop was made to throw the switch and to let some passengers get on, and the track foreman that the start occurred after one of the women had gotten on and while the other was helping a child in at the gates, leaving the other woman standing on the ground, and that the gates did not close before the car moved. Neither the motorman nor the track foreman seem to have known that any one was injured, although the foreman sent in a report of the starting of the car, which resulted in the calling of the motorman "to the office" a few days later for inquiry about the facts.

The court charged the jury that plaintiff's testimony tended to show that the car suddenly started "when she stepped on the lower step and then was mounting to the platform," and that she was thrown, the car suddenly stopped, and she again thrown, substantially as we have before stated. The court added that plaintiff's testimony tended to support the allegations in the declaration, and, "if you believe that,"

the defendant is liable. The jury were then told that defendant's testimony tended to show that:

"When the car arrived at the point where this accident is said to have occurred, the motorman stopped the car and released the brake and opened the doors to receive passengers, and this woman went aboard, and when she arrived on the platform the car started of its own momentum, being upon an incline, and he applied the brakes. If you believe that to be true, and that this plaintiff, in that movement of the car, of its own motion, was thrown against the end of the car, or against the upright stand on the platform, and was hurt, then the defendant company is liable."

Adding:

"I charge you that, as matter of law, a railroad company that stops its cars to receive passengers on such part of its track as will permit the car to start of its own motion, and while passengers are entering the car starts, is guilty of negligence, and it will be liable for any injury to the passenger resulting therefrom. That is to say, gentlemen, if you believe either the testimony of the plaintiff or the testimony of the defendant as to how this accident occurred, the company would be liable for the injury she sustained. And it is immaterial whether the car went 15 feet or 5 feet, if in point of fact the company was guilty of negligence in starting or stopping it, and as a result of that negligence a passenger was hurt, the company would be liable. If you do not believe either the plaintiff or the defendant as to how this accident occurred, why then you will return a verdict in favor of the defendant."

Defendant contends that the jury was thus in effect erroneously instructed that defendant would be liable if it started the car while plaintiff was still on the platform, and regardless of whether the start or stop was made with an unusual or violent jerk.

[1.] The theory of plaintiff, submitted as ground of recovery, was that she was in the act of mounting the platform, not that she was actually stationed upon it, when the start was made. No question of obligation to delay starting until plaintiff was seated was involved in that theory. Under the settled rule, if the car was suddenly started while plaintiff was really in the act of boarding the car, before she was safely and securely upon the platform, and she was thereby actually thrown and injured while in the exercise of due care, defendant would be liable. Nellis on Street Railways (2d Ed.) § 301; Beattie v. Detroit United Ry. Co., 158 Mich. 243, 122 N. W. 557; Normile v. Traction Co., 57 W. Va. 132, 49 S. E. 1030, 68 L. R. A. (N. S.) 901; Norfolk, etc., Co. v. Morris, 101 Va. 422, 423, 429, 44 S. E. 719. There was thus no error in instructing that defendant was liable if plaintiff's testimony was believed.

The only other theory upon which recovery was allowed was that of defendant, urged in its exoneration. If the car was started before plaintiff was safely upon the platform, we think it immaterial whether the start was made in the usual or in an unusual manner, provided plaintiff, while in the exercise of due care, was directly injured thereby; and this because, under the case presented, the car should not have been started at all while the condition stated existed. Nellis on Street Railways, § 294; Pfeffer v. Buffalo Ry. Co., 4 Misc. Rep. 465, 24 N. Y. Supp. 490, 494. And see City Pass. Ry. Co. v. Baer, 90 Md. 97, 107, 44 Atl. 992; Railroad Co. v. Klein, 8 App. D. C. 75, 81. (The testimony fairly presents no question of contributory negligence.) It

is, however, the generally accepted rule that it is not negligence to start a street car (if done in the ordinary manner and without unusual jerk) without waiting for passengers to reach seats (provided they are safely and securely upon the platform), unless there is some special and apparent reason for adopting a different course. Ottinger v. Detroit United Ry. Co., 166 Mich. 106, 131 N. W. 528, 34 L. R. A. (N. S.) 225, Ann. Cas. 1912D, 578.

[2] Assuming that the case is to be judged as if the car was started by the express volition of either the conductor or the motorman, the question thus is whether, under the charge that defendant is liable on its own showing as to "how this accident occurred," provided plaintiff was thrown and hurt, recovery was permitted from the mere fact that the car started of its own momentum, although after plaintiff was safely upon the platform. We scarcely believe the jury would naturally so interpret the charge, which nowhere expressly suggests a liability for starting the car before plaintiff was seated or had reached the body of the car. True, in reciting the tendency of defendant's testimony, plaintiff was spoken of as having gone "aboard" and as having "arrived on the platform" (in fact such was defendant's theory from the testimony in the case, rather than its testimony). Yet the assertion that defendant would be liable if its testimony was believed both immediately followed and immediately preceded a statement of the legal proposition (apparently as basis of the instruction just referred to) that so stopping its cars that they would start of their own motion, "while passengers are entering," constituted negligence on defendant's part. Defendant asked no instruction, as it might have done, testing defendant's duty by the question whether plaintiff had or had not safely gained the platform before the start was made. Moreover, considering the testimony, including the starting of the car before plaintiff's niece was able even to make the first step, the fact that the testimony which could be thought to most strongly tend to support defendant's theory that plaintiff was safely on board was only that "she had just got on the platform, with a child in one hand and a suit case in the other," a finding that plaintiff had so far reached a place of safety as to justify the starting of the car, so far as she was concerned, could scarcely be reasonably expected, if indeed it could well be justified.

But we are not satisfied that the case, on defendant's submitted theory, is to be judged as if the start had been either directed by the conductor or made by the motorman, pursuant to the judgment of either of them, in the ordinary and usual operation of the car. The general rule that it is not negligence to start a street car without waiting for passengers to reach their seats rests largely upon custom and the necessity of prompt movement in the interest of effective service; and the question of negligence is one of due care on the part of the person whose act is charged to be negligent. But, according to defendant's theory, the car was not started by the conductor in the exercise of his own judgment and in the ordinary course of operation, but occurred without the intelligent volition of any one. If the stopping of the car in such a way that it would automatically start again, unexpectedly and without warning, was negligence in law, as we think

it was under defendant's testimony, the start having indisputably been made before the taking on of passengers was completed, and when plaintiff had at the most "just got on the platform," in the incumbered situation referred to, it is difficult to see what controlling figure the precise location of her feet cut in determining the question of defendant's negligence in previously stopping the car so ineffectively that it would start automatically, and naturally and directly throw and injure the plaintiff. On the whole, we think it fairly apparent that defendant was not prejudiced by the instruction complained of.

We see no merit in the contention that recovery was permitted on a theory not stated in the declaration, viz., the premature starting of the car, without reference to lurch or jerk. No question of variance was raised by exception to the charge or otherwise, and there could have been no surprise, as under defendant's theory there was no jerk.

Complaint is made of the refusal to instruct that if after the car had come to a stand close to, and while the motorman was attempting to open, the switch, "the car started in the usual and ordinary way, and without a jerk sufficiently severe to throw the plaintiff, and if the car was thereafter stopped by the motorman without any sudden or unusual jar or jerk," the plaintiff would not be entitled to recover. We think the refusal of this instruction was not error. It ignored not only the question where plaintiff was when the car started (that is, whether she had safely reached the platform or was in the act of stepping thereon, as she claims), but also the fact that the start was made at a time when passengers were still being taken on.

Complaint is also made of the court's curtailment of cross-examination of a witness; but this was, we think, fairly within the court's discretion.

Being of opinion that no prejudicial error is shown, the judgment of the district court is affirmed, with costs.