JACKSON *v.* HAVERFORD CYCLE CO.

1. Appeal and Error—Rescission—Review.

Where the question as to whether plaintiff, an infant, or defendant rescinded a contract was in issue in the court below, and the jury found that rescission was by the defendant, this court will not consider assignments of error based upon the theory that the rescission was by plaintiff.

2. Trial—Argument of Counsel—Curing Error.

Reference by counsel for plaintiff, in his closing argument to the jury, to the fact that defendant had appealed from a judgment in justice's court, where the trial court at once admonished counsel and instructed the jury that they should give no consideration to the statement, was not reversible error.

3. Assumpsit—Special Questions—Demand—General Verdict.

A special finding of the jury that money paid only was demanded by plaintiff can be reconciled with the finding that the property also was demanded, if the jury believed, as submitted to them in the charge of the court, that the money demand was made after the property demand had been refused, and a general verdict for plaintiff was not inconsistent therewith.

4. Trial—Instructions—Special Questions.

Where the court, in submitting special questions, instructed the jury that "it will be necessary for you to agree upon each answer to these questions the same as you agree in your general verdict," *held*, not error when read in connection with the context.

Error to Wayne; McDonald, J., presiding. Submitted October 3, 1916. (Docket No. 10.) Decided December 22, 1916.

Assumpsit in justice's court by Loren Jackson, an infant, by his next friend, against the Haverford Cycle Company for money had and received. There was judgment for plaintiff and defendant appealed to the

circuit court.  Judgment for plaintiff.  Defendant brings error.  Affirmed.

*Harry J. Lippman,* for appellant.

*Harry M. Stone* (*Frank J. Riggs,* of counsel), for appellee.

MOORE, J.  This is an action in assumpsit brought in justice's court.  The plaintiff declared on all the common counts and especially for money had and received.  Defendant's plea was the general issue and notice of set-off, counterclaim, and recoupment.  From judgment in the justice's court defendant appealed to the circuit court, where the case was tried before a jury.  From a judgment for $75 in favor of the plaintiff the case is brought here by writ of error.

. The plaintiff, a minor, purchased a motorcycle from the defendant company.  The price was $255, and $50 was paid at the time.  Later plaintiff paid $30 more. At the same time additional equipment was purchased by the plaintiff for $37.50.  The plaintiff took the motorcycle away.  He met with an accident and returned the motorcycle for repairs.  He claims they were not made, and that he repeatedly demanded his motorcycle and the parts, and when this demand was refused he demanded his money back.  It is the claim of defendant that plaintiff was a minor when he made the purchase, and that, after bringing the motorcycle to the defendant company, plaintiff returned and informed defendant that he could not pay for repairs and wanted his money back, saying he was a minor when he made the purchase.

To understand the questions presented by appellant we think it best to quote from the charge of the court. He said in part:

"Before the plaintiff can recover in this case, he must show you by a preponderance of the evidence:

*First,* that there was a demand and a refusal for the return of this motorcycle and for the amount for which the plaintiff is suing; and, *second,* that plaintiff has been damaged by that refusal in the amount claimed. Now, before the plaintiff can recover, he must establish this demand and refusal by a fair preponderance of the evidence. I haven't said anything about the contract, because that isn't in dispute; the disputed question of fact relates to the amount due and to the question as to whether or not there was a demand or refusal. If the demand was made upon the defendant for the return of the motorcycle or for the payment of this money and he refused it, the plaintiff can recover whatever you find under my instructions his damages were. If you find there was no demand or no refusal, then you need not consider any other question, for if you so find then your verdict will be no cause of action.   *   *   *

"Now, it appears that, while this motorcycle was in the possession of the plaintiff, he had a collision or an accident of some kind, and that it was damaged, and the defendant claims that it cost to repair that damage $62.55. You should allow the defendant whatever you find from the evidence the cost of these repairs were. If you find that it cost $62.55 for the repairs and that they were reasonably worth that amount, you should deduct it from this $117.50, if you find that to be the amount that plaintiff would be entitled to, you should deduct the $62.55, for the defendant would be entitled to recover the damages that the machine suffered while in the plaintiff's hands.

"Now, a great deal has been said to you and there has been some testimony in regard to a set-off and recoupment, and something has been said to you about depreciation and the value of the machine. The defendant cannot recover for that. The plaintiff in this case is a minor. A man cannot contract with a minor. Such a contract is voidable at the option of the minor when he becomes of age; he cannot be sued. The defendant in this case could not sue this minor for any depreciation in the value of the motorcycle.   *   *   *

"The minor himself cannot maintain this suit or begin the suit unless the contract was canceled or repudiated by the defendant, and that is why you must find in this case that when the motorcycle was re-

turned to the defendant he kept it and refused to deliver it again to the plaintiff. That is what gives the plaintiff right to recover, and, if you find that he did not refuse to give over the motorcycle or pay back the money, plaintiff cannot recover, and that is the reason for it. So you are not considering anything in regard to the depreciation in the value of the motorcycle, but you are to give defendant credit for what it cost to repair that motorcycle. * * *

"You are to allow the defendant company whatever it was reasonably worth to repair it. but you are not to consider the question of depreciation at all. Then another thing that I think the defendant is entitled to in this case would be whatever you find from the evidence is a reasonable rental value of that machine, what it was reasonably worth to the plaintiff while it was in his possession. * * *

"The defendant has passed up some questions, special questions which he asks me to submit to the jury. * * * These questions must be answered, and they must be answered by 'Yes' or 'No.' When answered and returned, they will be a part of your verdict, and it is necessary that you should exercise a great deal of care in considering these questions. It will be necessary for you to agree upon each answer to these questions the same as you agree in your general verdict."

The questions and answers were as follows:

"(1) Was any demand ever made of the defendant company through its manager E. C. Kicherer, or any person acting in authority for said company, for the return of the motorcycle here in question? *A.* Yes.

"(2) Was any demand ever made of the defendant company through its manager, E. C. Kicherer, or any person acting in authority for said company, for the return of the parts belonging to the plaintiff? *A.* Yes.

"(3) Was the demand made by the said plaintiff for the return of the moneys only? *A.* Yes."

Defendant groups and discusses his assignments of error under the following heads:

(1) Defendant was entitled to recover under coun-

194—Mich.—19.

terclaim for depreciation in the value of the motorcycle during the period that same was in possession of infant plaintiff.

(2) Contract in dispute is voidable, not void.

(3) Failure of the court to charge the jury as requested in defendant's requests to charge 1, 3, 4, 6.

(4) Statement by plaintiff's attorney in closing argument to the jury that judgment had been taken against defendant when cause was tried in justice's court from which judgment defendant appealed to the circuit court is prejudicial to defendant and is error.

(5) Answers to special questions submitted inconsistent with each other and the general verdict.

(6) Court erred in reading special questions, as submitted to the jury and stating to the jury in his charge, "It will be necessary for you to agree upon each answer to these questions the same as you agree in your general verdict."

(7) Verdict of the jury palpably unjust and in variance with great preponderance of the evidence.

The first three of these groups are based upon the theory that the minor rescinded the contract as claimed by defendant, but the jury found the rescission was by the defendant.

The fourth group relates to the argument of counsel. The trial court said of this in disposing of the motion for a new trial:

"It is true that counsel used the language substantially as defendant claims, but it is also true that the court at once admonished counsel and instructed the jury that they should give no consideration to the results of the trial in any other court."

In view of this, we are not inclined to reverse the case because of the argument.

Were the answers to the special questions so inconsistent with each other and with the general verdict that the latter should be set aside?

In *Foster* v. *Gaffield*, 34 Mich. 356, Justice CAMPBELL, speaking for the court, said:

"As this provision is one which very seriously affects the principle of trial by jury, in which a general verdict has always been regarded as within the right of the jurors, and not to be inquired into in its elements if the panel is unanimous in the result, the change, which determines in favor of the special as against the general finding, can only be made operative where the two cannot be reconciled. All presumptions must be made in favor of harmony, where harmony is possible, because both findings are under the same oath.
\*    \*    \*

"If the second and third answers are claimed to be inconsistent with each other, then one would neutralize the other, and so leave the general finding to stand. In either view the verdict could not be disturbed. But we do not think there is any difficulty in reconciling them all."

In view of the charge of the court, a careful reading of the special questions in connection with the general verdict will indicate that the jury were of the belief that, not only was there a demand made for the motorcycle and the equipment parts, but that when these demands were refused there was then a demand for the money. See *Burke* v. *Electric Co.*, 147 Mich. 172 (110 N. W. 524).

We think assignment No. 6 is too narrow in the construction of the language of the court, as will readily appear by reading that part of the charge which we have quoted.

As to the last assignment of error, we agree with the trial judge that the verdict was not against the great preponderance of the evidence.

Judgment is affirmed, with costs to the plaintiff.

STONE, C. J., and KUHN, OSTRANDER, BIRD, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.