### IZZO *v*. WEISS.

1. AUTOMOBILES—INTERSECTION—STATUTES—RIGHT OF WAY—QUESTION FOR JURY.

    Although when two automobiles enter an intersection at approximately the same time, 1 Comp. Laws 1929, § 4712, gives the right of way to the one on the right, the negligence of driver of one on the left *held*, a question for the jury where he enters the intersection while the one on the right is more than 100 feet away and latter gave no warning to former that right of way would not be respected; neither highway being a through thoroughfare.

2. VERDICTS AND FINDINGS—SPECIAL FINDINGS—GENERAL VERDICT.

    It is only competent to render judgment upon special findings of fact, and against the general verdict, upon the ground that they are inconsistent, where it is impossible, though all presumptions be made in favor of harmony, to reconcile the special findings with the general one (3 Comp. Laws 1929, § 14290).

3. SAME—AMBIGUOUS SPECIAL QUESTIONS.

    Party who propounds special questions for submission to jury is responsible for their ambiguous character and all serious doubts should be resolved against him.

4. SAME—SPECIAL FINDINGS INCONSISTENT WITH EACH OTHER.

    Inconsistency of special findings with each other does not affect the general verdict.

5. AUTOMOBILES—SPECIAL FINDINGS OF JURY—GENERAL VERDICT—CONTRIBUTORY NEGLIGENCE.

    Finding of jury in response to special question that driver of car in which plaintiff was a guest passenger continued to observe defendant's car while proceeding across an intersection *held*, not inconsistent with general verdict for plaintiff since failure to so find would have implied either contributory negligence or absence of degree of care which an ordinarily prudent person would have exercised under like circumstances.

6. SAME—CONSTRUCTION OF SPECIAL QUESTION.

 Special finding of the jury that driver of plaintiff's car did not
  have his car under such control that he could have stopped
  it or turned it to the left and avoided the collision construed
  as meaning at a time coincident with the collision there was
  nothing plaintiff's driver could do to avoid collision *held,*
  harmonious with general verdict for plaintiff and special find-
  ing that plaintiff's driver was driving in a careful and
  prudent manner at time of accident.

7. TRIAL—INSTRUCTIONS—AMBIGUOUS SPECIAL QUESTIONS.

 Instructions given jury in automobile accident case with refer-
  ence to special questions to assist it by making plain what
  was required of it thereunder but not directing what answer
  it should make and which instructions were occasioned by
  ambiguous wording of the questions *held,* proper although
  Supreme Court might have given instructions in a different
  manner (3 Comp. Laws 1929, § 14290).

8. DAMAGES—EXCESSIVE VERDICT.

 Verdict of $5,500 for plaintiff for injuries sustained in auto-
  mobile accident *held,* not excessive, aside from $96-hospital
  bill for which no proof was offered, where injuries principally
  consisted of simple fractures of both sides of her pelvic bone
  which, although healed, left bone distorted.

Appeal from Wayne; Jeffries (Edward J.), J.,
presiding. Submitted January 9, 1935. (Docket
No. 22, Calendar No. 38,128.) Decided March 5,
1935.

Case by Marguerite Izzo against Morris Weiss
and Charles Hyman, individually and doing busi-
ness as West End Beef Company, for personal in-
juries sustained as a result of an automobile colli-
sion at a street intersection. Verdict and judgment
for plaintiff. Defendants appeal. Affirmed condi-
tionally.

*Frederick J. Plotts,* for plaintiff.

*Coulter & Hampton,* for defendants.

Bushnell, J. This is a suit for personal injuries arising out of an intersection collision which occurred about 8 p. m. on November 11, 1932, in the city of Detroit, between a car being driven in an easterly direction on Otis avenue, in which plaintiff was a guest passenger, and defendants' car which was being driven by their employee north on Lockwood avenue. When the driver of the east-bound car reached Lockwood avenue he looked to the right and saw defendants' car about 250 feet away approaching the intersection. He then proceeded across and was struck by the other car. The northbound driver testified:

"I thought he was going to give me the right of way and let me go by."

The jury answered three special questions submitted by defendants and awarded plaintiff $5,500 for her injuries, principally consisting of simple fractures of both sides of the pelvic bone which, though healed, are claimed to have left the bone distorted.

Plaintiff had the right to go to a jury on the question of her driver's negligence, for although 1 Comp. Laws 1929, § 4712, gives the right of way, when two vehicles enter an intersection at approximately the same time, to the one on the right, defendant was more than 100 feet away. *Scurlock* v. *Peglow,* 263 Mich. 658.

"Little help is afforded by cases, with their varying facts, and the doubt should be solved by verdict of a jury." *Lefevre* v. *Roberts,* 250 Mich. 675.

"As to more distant approaching traffic plaintiff, being first in the intersection, had the right of way and had no warning that such right would not be respected." *Scurlock* v. *Peglow, supra.*

In the *Scurlock Case,* as is the situation here, neither street was a through thoroughfare. See, also, *Swainston* v. *Kennedy,* 253 Mich. 518.

Defendants availed themselves of the statutory right to submit special questions, 3 Comp. Laws 1929, § 14290, and now contend that the verdict of the jury was inconsistent with its answers, that the court erred in its instructions with respect to the questions and therefore the verdict and subsequent judgment should be set aside and one entered for the defendants on the answers.

Mr. Justice Campbell said in *Foster* v. *Gaffield,* 34 Mich. 356:

"As this provision is one which very seriously affects the principle of trial by jury, in which a general verdict has always been regarded as within the right of the jurors, and not to be inquired into in its elements if the panel is unanimous in the result, the change, which determines in favor of the special as against the general finding, can only be made operative where the two cannot be reconciled. All presumptions must be made in favor of harmony, where harmony is possible, because both findings are under the same oath."

This was followed in *Jackson* v. *Haverford Cycle Co.,* 194 Mich. 286. It may be argued that questions one and two are vague and ambiguous, and might properly have been refused or amended by the trial judge. *Gilbert* v. *Stickley,* 204 Mich. 342. If ambiguous, who is responsible? The defendant, against whom the doubt should be resolved. Otherwise parties would be encouraged to persist in an improper practice. *Burke* v. *Bay City Traction & Electric Co.,* 147 Mich. 172. By the same authority the inconsistency of special findings with each other

does not affect the general verdict. We have little difficulty in harmonizing the answers with the general verdict. The jury found that the driver of the car in which plaintiff was riding did continue to observe the defendants' car while proceeding across the intersection for had they answered "no," it would imply either contributory negligence, or, at least, the absence of that degree of care which an ordinarily prudent person would have exercised under like circumstances.

In answer to question "two" they said the driver did not have his car under such control that he could have stopped it or turned it to the left and avoided the collision. Does this answer mean that the circumstances were such that coincident with the collision there was nothing plaintiff's driver could do to avoid the accident? We think so. This reasoning is both harmonious with the general verdict and the jury's affirmative answer to the third question: "was the driver of the plaintiff's car driving in a careful and prudent manner and while in the exercise of due care while crossing the intersection * * * at the time of the accident?"

Error is assigned as to the court's instructions on the special questions. Our examination of the cases cited and those annotated under 3 Comp. Laws 1929, § 14290, indicates that this has been a source of much litigation. It is apparent that the jury did not understand the questions and sought the guidance of the court. The fact that we might have given the instructions in a different manner does not justify our holding that the court directed the jury what answer it should make. A careful examination of the colloquy and the instructions forces the conclusion that the court merely attempted to

assist the jury by making plain what it was required to do. The fault, if any, was in the wording of the questions and the instructions, taken at their worst, were merely a reframing of the questions.

It would be unnecessary to discuss the reasonableness of the $96 hospital bill, covering board, drugs, dressings, telephone and extras, for eight weeks at $12 per week, had proofs been offered. We are almost tempted to take judicial notice of the reasonableness of the charge, but such action would do damage to the necessity of such proofs. Therefore this item must be eliminated from the verdict. As to the question of whether the verdict was excessive, we have so recently stated our views in *Watrous* v. *Conor,* 266 Mich. 397, that we avoid repetition.

Because of the absence of proof as to the $96 item, the judgment must be reversed and a new trial granted unless plaintiff files a remittitur in this amount with the clerk of this court in fifteen days, in which event the judgment will be affirmed in the sum of $5,404, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.