entered July 9, 1925, modifying and affirming as modified a judgment in favor of the plaintiffs entered upon a decision of the court on trial at an Equity Term. The action was to annul and cancel of record in Erie county clerk's office a certain agency contract made by respondents and appellant Herbert E. Orr, dated August 1, 1923, and also fifty-eight alleged contracts made by said Orr with the other appellants except the Buffalo Realty Associates, Inc., after he had been discharged by the plaintiffs for alleged repeated breaches of said contract; for an accounting by said Orr and said Buffalo Realty Associates, Inc., and the return of a certain deed, searches and surveys; to obtain a judgment against said Orr for dirt and stone alleged to have been taken from the property of the plaintiffs without the consent of and for which he did not pay the plaintiffs, and to obtain an injunction against each of the defendants, enjoining them from acting or attempting to act under and by virtue of said agency contract and said contracts made by Orr as the alleged authorized agent of the plaintiffs, and exercising or attempting to exercise any right to or control over the property mentioned in said agency contract.

*E. L. Dominick* and *Marcus D. Boarman* for appellants.
*H. H. Bacon* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

----

FREDERICK W. HANSON, Respondent, *v.* McGRAW-HILL Co., INC., Appellant.

*Negligence — elevators — injury by being struck by descending elevator — contributory negligence question of fact for jury.*

*Hanson* v. *McGraw-Hill Co., Inc.*, 213 App. Div. 873, affirmed.
(Argued January 14, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment entered April 30, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which

reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directing a dismissal of the complaint and reinstated said verdict. Plaintiff, an employee of a tenant of defendant, was struck by a descending elevator in its building and received the injuries complained of. There was evidence that the doors were out of order which left an open space into the shaft through which workmen were accustomed to shout for the elevator and that at the time of the accident plaintiff was calling through such opening. The trial court dismissed the complaint on the ground of contributory negligence but the Appellate Division held that that question should have been left to the jury.

*Robert H. Charlton* for appellant.

*L. H. Schleider, Leonard F. Fish* and *Frederic A. Behrens* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

In the Matter of DAVID HENDERSON, an Infant.

MARGARET HENDERSON, Appellant; SPENCE ALUMNÆ SOCIETY, Respondent.

*Adoption — parent and child — within discretion of Supreme Court to require charitable corporation to furnish mother of child left with it for adoption, with information as to the court in which adoption proceedings were had and the date and title thereof — improper exercise of discretion.*

*Matter of Henderson,* 215 App. Div. 652, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 23, 1925, which reversed an order of Special Term directing the respondent, the Spence Alumnæ Society, to furnish the petitioner, Margaret Henderson, or her attorney, with the name of the court wherein pro-