MURRAY ZUCKER, an Infant, by JACOB ZUCKER, His Guardian ad Litem, and JACOB ZUCKER, Appellants, v. EPHRAIM REALTY CORPORATION and Another, Respondents.— The action was to recover damages for personal injuries suffered by the infant plaintiff when he bent his head over the gate of an elevator shaft to call to the operator and was struck immediately by the car coming down, although, a short time before, the operator had answered his call and stated that he was coming up. There was no bell for signaling to the operator and it was necessary and customary for those desiring to use this freight elevator in the course of their business to go to the elevator door and shout to the operator in order to get service. The complaint was dismissed at the close of plaintiffs' evidence on the ground that the infant plaintiff was guilty of contributory negligence as a matter of law, as against the infant plaintiff and the other plaintiff, his father, suing for loss of services. Judgment reversed on the law and a new trial granted, costs to appellants to abide the event, on the ground that the question of contributory negligence was one of fact. (*Teich* v. *Seidman's Garage, Inc.*, 188 N. Y. Supp. 488, not officially published; *Hanson* v. *McGraw-Hill Co., Inc.*, 213 App. Div. 873; affd., 242 N. Y. 515.) Lazansky, P. J., Young, Carswell, Scudder and Davis, JJ., concur.

In the Matter of the Petitions of EDGAR HAMILTON HOLDEN and Others for an Order Vacating, Canceling and Setting Aside the Orders of this Court, Made and Entered on February 8, 1929, and April 19, 1929, Directing and Authorizing the Chamberlain of the City of New York to Pay to BARBARA C. NELSON under Two of Said Orders, and to AUGUSTA A. HIGGINS, under One of Said Orders, the Awards for Damage Parcels Nos. 6 and 6-a in the Proceedings Entitled: In the Matter of Acquiring Title by the City of New York to Certain Lands and Premises Situated on the Northerly Side of Copeland Avenue between Montague and Griffith Avenues, Glendale, Borough of Queens, City of New York, Duly Selected as a Site for School Purposes According to Law; and for a Further Order Directing the said BARBARA C. NELSON and AUGUSTA A. HIGGINS and Others to Deposit the Money Paid by Virtue of Said Orders into Court, with Interest Thereon, and for an Order Rescinding, Canceling and Setting Aside Assignments of Awards Made by the Petitioners to BARBARA C. NELSON, and for an Order Adjudging and Declaring a Certain Tax Sale Certificate No. 965, Sold on November 22, 1909, to be Null and Void, and for an Order Referring the Above Matter and the Claim of BARBARA C. NELSON and AUGUSTA A. HIGGINS to Said Awards to an Official Referee.— Matter referred to Hon. James C. Van Siclen, official referee, to hear and to report with his opinion. This situation comes within the doctrine stated by Bartlett, J., in *Matter of City of New York* (209 N. Y. 127, 132, 133). The showing that was not made in that case is made here. It indicates that the orders sought to be vacated were induced by a fraud upon the court. Of course respecting that showing there is a question of fact. The court has the power in furtherance of justice to vacate its order where it is founded upon a paper that was procured by fraud, and to permit proof of such alleged fraud to be adduced in the proceeding in which the order was made. (*Matter of Waters*, 183 App. Div. 840, 854.) This course avoids multiplicity of actions and promotes wholesomeness in the administration of justice. Present — Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ.