## Lewis et al., Appellants, *v.* Duquesne Inclined Plane Company.

Argued October 2, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Louis Vaira,* with him *Edwin Doran,* for appellants.

*Daniel H. McConnell,* with him *Charles M. Johnston,* for appellee.

PER CURIAM, November 23, 1942:

Anything said of this appeal, which was taken from the refusal of the learned lower court to take off a compulsory non-suit, is purely repetitious. If there is anything settled in the law of negligence in Pennsylvania, it is the duty of a person to look where he is walking and see that which is obvious.

This action in trespass was brought to recover compensation for injuries sustained by the wife plaintiff while she was leaving an inclined plane car of the defendant company. On the clear afternoon of April 16, 1938, at about 4 o'clock, she fell as she was leaving the car which had stopped with its floor about three inches below the level of the station platform. It was usual for the car to come to rest with the floor and platform exactly even. She admitted the adequacy of the lighting and excused her failure to take the necessary step up by the presence of shadows and other passengers. She also admitted that but three or four passengers preceded her in leaving the car and that immediately after the accident, while the car remained in the same position, she examined the situation and could see that the floor of the car was a few inches under the level of the platform. It is obvious she could have seen this condition if she had looked. It is not unusual for an inclined plane car or an elevator to come to rest a few inches above or below the level of the landing platform or floor. On cross-examination she testified that the other passengers "were out of the way when I stepped" and when asked what interfered with her seeing, she replied: ". . . there was shadows around there . . ." When asked: "It was shadows and not the people that prevented you seeing then?" she replied: "Exactly". Shadows, where the lighting is otherwise adequate furnish no excuse for failure to see: *Mammana v. Easton Nat. Bank,* 338 Pa. 225, 227; neither does the presence of other persons ahead justify one in blindly following them into danger: *Hellriegel v. Kaufmann & Baer Co.,* 337 Pa. 149; *Mul-*

*ford v. Phila. Rapid Transit Co.,* 310 Pa. 521. The appeal is without merit.

Order affirmed.