**Mary SCHALLER and Waldemar T. Schaller, Appellants,**

v.

**CAPITAL TRANSIT COMPANY, a corporation, Appellee.**

**No. 13438.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 9, 1956.

Decided Nov. 29, 1956.

Mr. Carl L. Shipley, Washington, D. C., with whom Mr. Roy St. Lewis, Washington, D. C., was on the brief, for appellants.

Mr. John P. Arness, Washington, D. C., with whom Mr. George D. Horning, Jr., Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, BASTIAN and BURGER, Circuit Judges.

4. Browne v. Raleigh & G. R. Co., 1891, 108 N.C. 34, 12 S.E. 958, 962.

## PER CURIAM.

The female plaintiff (appellant) sued to recover for personal injuries allegedly sustained while alighting from one of defendant's (appellee's) buses, and her husband joined in the action to recover for loss of consortium and for medical expenses. The evidence on the part of the plaintiffs disclosed that, after ringing the bell to stop the bus, Mrs. Schaller moved forward from her seat in the rear to the center door for the purpose of alighting. As she made her way through the crowd of passengers (who were "packed in there"), she called out, "Please, let me out." As she reached the top of the step at the center door she "stood on one foot, with the other just dangling to put on the treadle * * * and it closed and knocked me down in among those steps." Plaintiff testified that she fell when the bus started to move, that it jerked and that the jerk threw her off balance and she went down. At the conclusion of plaintiff's case, the court directed a verdict for the defendant and this appeal followed.

 We recognize the rule that, although a standing passenger is due the highest degree of care commensurate with the circumstances, a passenger assumes the ordinary risk incident to the movement of a bus over public highways, which includes the usual and ordinary jerks, swaying and careening of the bus.[1] We also recognize the rule that it is the duty of a carrier to use the highest degree of care to safely carry and deliver the passenger and, in so doing, not only to provide safe and convenient means of entering and leaving the bus but to stop when the passenger is about to alight and not to start again until the passenger has alighted.[2]

This is not a case involving simply a standing passenger. It is a case involving an alighting passenger who had made every reasonable effort to advise the driver of the bus of her intention to alight and who was injured as she was doing the very thing that she had notified the carrier's agent that she was about to do.

 We are of opinion that the question whether appellant's injury resulted from appellee's failure to use the highest degree of care should have been submitted to the jury.

Reversed and remanded.

---

1. See e. g., Connor v. Washington R. & E. Co., 43 App.D.C. 329 (1915); Basham v. City Bus Co., 219 F.2d 547 (10th Cir. 1955).

2. Washington & Georgetown R. Co. v. Harmon, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284 (1893); Metropolitan R. Co. v. Jones, 1 App.D.C. 200 (1893); Virginia Public Service Co. v. Silver, 68 F. 2d 230 (4th Cir.1934).