KLETROVETZ, APPELLANT, *v.* GRANT HOSPITAL, APPELLEE.*

(No. 5628—Decided October 10, 1957.)

*Mr. Morton Y. Reeves,* for appellant.
*Messrs. Gingher & Christensen,* for appellee.

PETREE, P. J. This is an appeal on questions of law from the Common Pleas Court of Franklin County, wherein the plaintiff, appellant herein, claims that the court erred in sustaining the motion of the defendant, appellee herein, to arrest the case from the jury and for judgment on the opening statement. Most of the questions presented here have been determined by the Supreme Court in *Avellone* v. *St. John's Hospital,* 165 Ohio St., 467, at page 472, 135 N. E. (2d), 410, wherein it held:

"It is interesting to note that this court in 1911 established a rule of full immunity from liability, made an exception to this rule in 1922 by recognizing liability against the charitable institution for injury caused by negligent selection of servants by such institution, and, in 1930, made a further exception by recognizing liability against such institution as to strangers, *i. e.,* those not beneficiaries of the charity. * * *"

The general rule of nonliability of charitable institutions has been modified in Ohio by a Supreme Court decision in 1922

---

*Motion to certify the record overruled, January 22, 1958.

making the charitable hospital liable for negligent selection of its servants; and in 1930, in *Sisters of Charity of Cincinnati* v. *Duvelius,* 123 Ohio St., 52, 173 N. E., 737, the immunity from liability was extended to permit strangers who were not beneficiaries of the charity to collect for the negligent acts of the servants of the hospital. In 1956, in *Avellone* v. *St. John's Hospital, supra* (165 Ohio St., 467), the majority opinion took away the immunity of nonprofit hospitals from the operation of the rule of *respondeat superior.* Under the rule as we now understand it, a nonprofit, charitable or eleemosynary hospital in Ohio may be held liable for the negligence of its servants and employees for their acts, under the doctrine of *respondeat superior.*

There was considerable discussion and argument in the instant case now before this court about whether Grant Hospital was responsible for the side rails not being on the bed of plaintiff Kletrovetz and about whether it was the duty or responsibility of her physician or the nurse assigned to the case. The theory back of this is that if the decision was a medical one, either by the doctor or the nurse of the plaintiff, it would be a matter out of the control of the hospital, since neither the nurse nor the doctor is subject to the direction of the hospital.

On the other hand, plaintiff claims it was negligent for the hospital and its agents, who furnished the bed in question and who had knowledge of the hypnotic injection given the plaintiff, to fail to put side rails or bed guards on the bed.

Even though we recognize that the law of Ohio has now reverted to the doctrine of *respondeat superior* and that a corporation not for profit, which has as its purpose the maintenance of a hospital, is, under the doctrine of *respondeat superior,* liable for the torts of its servants, plaintiff has another difficulty to overcome. The decision in the *Avellone case* does not relieve the plaintiff from alleging and proving negligence on behalf of the servants of the hospital.

A motion was made by the defendant hospital for a judgment on the pleadings and the statement of counsel. This motion came at the time the attorney for the plaintiff had completed his statement of what he expected the evidence to prove to the jury.

Where an injury may have occurred in more than one way, neither the court nor the jury may presume that it happened in the manner which would give rise to liability. Said in another way, the proximate cause of an injury must be established by the one seeking to recover therefor; and where two or more reasonable inferences may be drawn from established facts, it cannot be presumed that the injury occurred in the manner which would give rise to liability.

In his opening statement, counsel for plaintiff said that "she did get up once, and walked around a little bit, and back in bed, and that upon trying to rise the second time she blacked out from the hypnotic dose, and from then on until she was found on the floor, we don't know what happened." Thus, it may be that plaintiff did get out of bed a second time and fall close to the bed while walking around. Therefore, the failure to put up a bed guard may or may not have been the cause of plaintiff's injury. We must adhere to the well established rule in Ohio that it is the duty of a person seeking to recover for an injury to establish the proximate cause of that injury by a preponderance of the evidence. We conclude, therefore, that the trial court was correct when it sustained the motion for judgment on the pleadings and on the opening statement of the plaintiff. The judgment of the trial court for the defendant is, therefore, affirmed.

*Judgment affirmed.*

Bryant and Miller, JJ., concur.