## WELLS *v.* FLINT TROLLEY COACH, INC.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—EVIDENCE—NEGLIGENCE—PROXIMATE CAUSE—CONTRIBUTORY NEGLIGENCE.

Evidence is viewed in light most favorable to elderly plaintiff who had recently alighted from defendant company's bus, on appeal from denial of defendant's motion for new trial in which it was claimed there were no proofs to go to a jury of negligence of defendant's driver proximately causing plaintiff's injury and that plaintiff was guilty of contributory negligence as a matter of law.

2. CARRIERS—BUSES—ALIGHTING PASSENGER—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Trial court was correct in refusing to hold 79-year-old plaintiff lady guilty of contributory negligence as a matter of law

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 854.
[2, 3] 37 Am Jur, Motor Transportation § 149.
Duty and liability of carrier of passengers for hire by automobile. 96 ALR 727.
[4] 10 Am Jur, Carriers §§ 1273, 1381 *et seq.*
[2-4] Liability of motorbus carrier to passenger injured through fall while alighting from vehicle. 9 ALR2d 938.
[5] 10 Am Jur, Carriers § 1660.

under evidence showing that defendant bus company's driver observed she was elderly and feeble as she left the bus, that she became frightened as the bus started up with a roar and she noticed the large right front wheel appeared to be coming toward her before she could ·get up onto the curb and placed her hand upon the side of the bus and was later struck by the middle of the bus.

3. SAME—BUSES—ALIGHTING PASSENGERS—TIME OF STOPPAGE.

The degree of care required of a bus carrier in securing the safety of its passengers alighting from its bus is the highest care, or the care which a very prudent person would have used under the circumstances and the time of stoppage must be such as to enable the passenger attempting to get off to reach a place of safety on the street before the bus is started on its way.

4. SAME—PASSENGERS IN NEED OF ASSISTANCE.

A carrier who voluntarily accepts a person as a passenger, without an attendant, whose inability to care for himself is apparent or made known to its servants, and renders special care and assistance necessary, is negligent if such assistance is not afforded.

5. SAME—ALIGHTING PASSENGER—NEGLIGENCE OF DRIVER—EVIDENCE.

Negligence of bus driver who had observed that plaintiff, a 79-year-old lady, was elderly and feeble as she was alighting from bus was properly left to jury, where there was evidence that after she had barely left the bus it was started up before she had reached a place of safety.

6. SAME — INSTRUCTIONS — ALIGHTING PASSENGER — SUDDEN EMERGENCY.

The question of sudden emergency *held*, not to have been over-emphasized by instructions to jury so as to prejudice defendant bus company, where it appears that elderly and feeble passenger who had just alighted from bus was frightened as she saw the right front wheel coming toward her while she was in cramped quarters and unable to extricate herself quickly, threw up a defensive hand which hit the bus and she was later struck and thrown to the ground.

Appeal from Genesee; Elliott (Philip), J. Submitted November 12, 1957. (Docket No. 99, Calendar No. 47,223.) Decided March 7, 1958.

Case by May M. Wells against the Flint Trolley Coach, Inc., a Michigan corporation, for personal

injuries sustained after alighting from bus.  Verdict
and judgment for plaintiff.  Defendant appeals.  Af-
firmed.

*James M. Pearson* (*L. Keith Borgerson,* of coun-
sel), for plaintiff.

*Gault, Davison & Bowers,* for defendant.

Dethmers, C. J.  Plaintiff had verdict and judg-
ment for her damages resulting from personal in-
juries sustained immediately after alighting as a
passenger from defendant's bus.  Defendant ap-
peals.

After reception and close of proofs defendant
moved for directed verdict, which was denied.  Al-
though defendant now seeks only a new trial, in con-
sidering its assigned reasons therefor that there
were no proofs to go to a jury of negligence of de-
fendant's driver which was a proximate cause of
plaintiff's injury and that, as a matter of law, she
was guilty of contributory negligence, we view the
evidence in the light most favorable to her.  *Ham-
merbacher* v. *Babechenko,* 348 Mich 139, and cases
therein cited.  So viewed, the pertinent facts are as
follows:  plaintiff was 79 years of age and, as she
was attempting to get off the bus, defendant's driver
noticed that she was elderly and feeble; the right
front wheel of the bus was behind the front door
from which plaintiff made her exit and it extended
out from the side of the bus under a cover; when
the front wheels were turned to the right, the right
wheel would project out past the side of the bus so
that it and its tire would be very evident to a person;
defendant's driver did not remember whether he
approached the bus stop at an angle, but did remem-
ber that the bus left it at an angle; the bus was a
new Diesel, put in operation on that line for the first
time on the date in question, and when it started

it made a noise or roar much greater than the sound made by the electric buses theretofore operating on that line which plaintiff always had used previously; in getting off the bus plaintiff placed her left foot on the curb but could not reach it with her right foot and so she placed it on the street in a narrow space between the bus and curb; as soon as she had done so, the bus started forward, in less than a second, so quickly that it did not give her a chance to get her foot up; the bus started up with a roar, plaintiff looked to her right and saw the big front wheel coming out toward her, she became frightened, she tried to get out of the narrow space between the bus and curb on which both of her feet were now placed and to step on the curb, but she couldn't— she could not step as quickly as she once had been able to do; she was afraid the wheel and bus were going to hit her and, for the purpose of helping to protect herself, she threw up her right hand; her hand touched the bus, apparently leaving 3 marks or lines in the dirt on the side of the bus which looked as though they had been caused by 3 fingers, each mark being about 1/4 inch wide, extending from a point about 3 or 4 feet behind the front door back for a distance of about 10 inches; then the bus struck plaintiff and knocked her down, other passengers hearing a thump at about the middle of the right side of the bus, at which point an oblong or circular smear or mark was found in the dirt on the bus, the same being about a foot in diameter and a couple of feet further to the rear and considerably lower than the mentioned 3 narrow marks; plaintiff was found lying partially on the curb; at that time she told defendant's driver that the wheels of the bus had frightened her and that if he had waited before starting the bus she would have been able to get up on the curb.

Defendant reasons that plaintiff was guilty of contributory negligence as a matter of law and that

there was no showing of defendant's driver's negligence which was a proximate cause of the accident because the proofs show that plaintiff's injuries were caused solely by her raising her hand and placing it against the bus. In this, the defendant ignores the evidence that there was an additional contact between plaintiff and bus when the middle of the right side of the bus struck her with a thumping sound heard by passengers and driver above the roar of the starting bus, leaving plaintiff prostrate on the curb and a mark on the side of the bus a foot in diameter. The evidence permits of a jury finding that plaintiff would have been struck by the bus even had she not touched it with her hand and that this was due to no fault or negligence on her part. The emergency character of the situation confronting plaintiff when she heard the roar of the bus, saw the large wheel coming toward her and could not extricate herself from what appeared to her to be a place of danger, combined with the other factors to present a question of fact even as to whether plaintiff's extending of her right hand against the bus was itself an act of negligence. Defendant urges no other negligence on her part and we see none. The court was correct in refusing to hold plaintiff guilty of contributory negligence as a matter of law.

What of defendant's driver's negligence? The degree of care required of defendant in securing the safety of its passengers alighting from its bus is "the highest care, or the care which a very prudent person would have used under the circumstances." It is its duty to stop for the purpose of letting off passengers, and "The time of stoppage must be such as to enable the passenger attempting to get * * * off to reach a place of safety, * * * on the street * * * before it is started." *Beattie* v. *Detroit United Railway,* 158 Mich 243, 246. It is its duty, in stopping for the purpose of discharging passengers, "to wait a sufficient length of time to allow

them to alight in safety by the exercise of reasonable diligence, and, in any event, to see and know that no passenger is in the act of alighting, or is otherwise in a position which would be rendered perilous by the motion of the car when it is again put in motion." *Keeley* v. *City Electric Railway Co.*, 168 Mich 79, 89.

"But if the company voluntarily accepts a person as a passenger, without an attendant, whose inability to care for himself is apparent or made known to its servants, and renders special care and assistance necessary, the company is negligent if such assistance is not afforded. In such case it must exercise the degree of care commensurate with the responsibility which it has thus voluntarily assumed, and that care must be such as is reasonably necessary to insure the safety of the passenger, in view of his mental and physical condition." *Croom* v. *Chicago, M. & St. P. R. Co.*, 52 Minn 296, 298 (53 NW 1128, 18 LRA 602, 38 Am St Rep 557), quoted with approval in *Mercer* v. *Cincinnati Northern R. Co.*, 151 Mich 566, 567.

We think that the evidence of starting the bus at the time and in the manner above described, while a passenger whom the driver knew to be old and feeble was in the position in which the jury might well have found that plaintiff was, without further precautions for her safety having been taken by the driver than those indicated by the above recital of facts, presented a question of fact for the jury as to whether defendant's driver acted with the degree of care which the above cases state to be required of him and, if not, whether his failure so to do caused plaintiff's injuries and, hence, whether he was guilty of negligence which was a proximate cause.

While there was testimony in conflict with plaintiff's theory of the case, it was sufficiently supported by testimony and the physical evidence to inhibit our

holding that the verdict for plaintiff was against the great weight of the evidence.

Defendant contends that the court erred in charging the jury on "sudden emergency." In this connection, it cites a number of cases for the proposition that a plaintiff's negligence is not excused by a sudden emergency resulting from his own negligence and says that the only emergency in the instant case, if any, was of plaintiff's own making in becoming frightened without good reason and placing her hand on the bus. There were proofs which the jury had a right to consider and from which it might properly conclude that a sudden emergency, for which she was not at all responsible, confronted plaintiff when the big wheel and bus started toward her while she was in cramped quarters from which she, as a feeble old lady, could not readily extricate herself and that it was in response to this situation that plaintiff experienced a not unreasonable fright and threw up a defensive hand. This was a circumstance properly to be taken into account in determining the issue of contributory negligence. The court's charge on "sudden emergency" was phrased in language approved in *Donker* v. *Powers,* 230 Mich 237; and *Smith* v. *Maticka,* 305 Mich 32, and was properly given in view of the proofs in the case. Examination of the entire set of instructions leaves us unpersuaded by defendant's insistence that the question of sudden emergency was overemphasized to an extent prejudicial to it.

Defendant is not entitled to a new trial.

Affirmed, with costs to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.

KAVANAGH, J., took no part in the decision of this case.