Jacob J. COOK, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 609-S.

United States District Court
M. D. Alabama, S. D.

June 18, 1958.

William B. Matthews, Ozark, Ala., for plaintiff.

Hartwell Davis, U. S. Atty., and Ralph M. Daughtry, Asst. U. S. Atty., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

The above-styled cause, coming on to be heard, was tried by the Court without a jury on May 28, 1958, upon the issues made up by the pleadings and proof. At the close of the plaintiff's case, the defendant, the United States of America, pursuant to the provisions of Rule 50, Federal Rules of Civil Procedure, 28 U.S. C.A., made a motion for a directed verdict, which motion this Court granted. This Court, upon a consideration of the evidence, consisting of the oral testimony of several witnesses, exhibits introduced, and the plaintiff's answer to the defendant's interrogatories, now proceeds in this memorandum opinion to make and enter the appropriate findings of fact and conclusions of law.

The plaintiff in this action claims of the United States of America, under the Federal Tort Claims Act (28 U.S.C.A. § 1346(b)), the sum of $7,000 as damages resulting as a proximate consequence of the alleged negligence of an agent of the United States in the operation of an aircraft, while said agent was acting within the line and scope of his agency, by operating said aircraft in such a manner as to cause the plaintiff's barn and contents therein to be destroyed.

The plaintiff, Jacob J. Cook, was prior to bringing this action and presently is a citizen of the State of Alabama and resides in the Pleasant Ridge community located near Ariton, Dale County, Alabama.

On January 4, 1958, the plaintiff owned in this community a farm on which he lived. There was constructed on this farm a barn situated approximately fifty feet from his house.

At approximately 9:00 a. m., January 4, 1958, the plaintiff's barn was destroyed. Exactly how the barn was destroyed and what caused this destruction appeared to rest in the conjecture and speculation of the witnesses testifying in this action.

It appears that at approximately 9:00 a. m., there was heard, by numerous witnesses, two loud sounds in the nature of explosions. No one saw any explosions, nor was anyone around the barn at the time of these "explosions." Upon hearing these "explosions," which were only a few seconds apart, the plaintiff, who was lying upon a bed in his house, put on his shoes and proceeded outside where he saw the barn burning. At this time, the plaintiff testified that he looked skyward to the north and saw an airplane, approximately 600 to 1,200 feet from the house, in an inclined position at an altitude of approximately 600 to 1,200 feet. The plaintiff testified that he did not hear an airplane prior to the explosions. The plaintiff identified the airplane he saw as a jet aircraft, which appeared to be a dark color. On the left upper wing of the aircraft, he identified a star on a circle and two dots on each side of the star.

Several other witnesses testified that they heard the "explosions" but saw no plane; others testified they saw a plane in the vicinity at the time in question, but heard no explosion. On further examination, the plaintiff testified that there was no gasoline or dynamite in the barn at this time. The plaintiff presented no evidence which would tend to identify the operator of the aircraft in question as an agent of the United States of America. Furthermore, the plaintiff presented no evidence which

would tend to show that whoever was operating the aircraft in question was acting within the line and scope of his agency. The plaintiff sought to rely upon the Alabama law whereby an administrative presumption of agency and authority may be invoked where identification of a vehicle is proven.

Because of the findings of fact and conclusions of law reached by the Court, it is not necessary for this Court to pass upon the merits of the plaintiff's position regarding proof of agency in this action.

This Court finds that, viewing the evidence most favorable to the plaintiff, the most that can be found is that an aircraft belonging to the United States of America was flying at a low altitude over the plaintiff's barn at the time of two explosions that caused the barn and its contents to burn. Upon resting his case, the plaintiff sought to invoke the doctrine of res ipsa loquitur in order to shift the burden of proof to the defendant and require it to negative any negligence on its part. Clearly this doctrine was not applicable, since the plaintiff had introduced insufficient evidence to prove what caused the explosions.

█ █ One basic and primary element of every action ex delicto is proximate cause, and until this element is proven, it is impossible to invoke the doctrine of res ipsa loquitur. This is true, both as a matter of law and as a practical matter. The purpose of the doctrine of res ipsa loquitur is to supply the element of negligence in actions ex delicto and in no way supplies the element of proximate cause or causation. See Alabama Power Co. v. Berry, 1950, 254 Ala. 228, 48 So.2d 231. Therefore, until the plaintiff proves what act *caused* the injury, he could not possibly invoke the doctrine of res ipsa loquitur to supply the element of negligence so as to presume an act (which has not been proven) was negligent. In the case at bar, there is no evidence as to what caused the explosions that destroyed the barn. There is no evidence that the explosions were caused by the aircraft, and, further-

more, there is no evidence of *how* the aircraft caused the explosions even if we were to assume it did cause the explosions.

Even if this Court, in an effort to extend the plaintiff every possible doubt, were to invoke the doctrine of res ipsa loquitur and say that the aircraft was operated negligently, then this Court would still be faced with the failure of the plaintiff to prove the element of causation, and this Court would have no evidence before it upon which to find that this negligence (created by res ipsa loquitur) was the proximate cause of the damage to the plaintiff's barn. Thus, regardless of how the evidence is viewed, this Court is still faced with the failure of the plaintiff to prove proximate cause and for this reason the plaintiff must fail in his effort to recover from the defendant, the United States of America.

The cases of Curtis v. United States, D.C.N.Y.1953, 117 F.Supp. 912 and Sawyer v. United States, D.C.Ga.1956, 148 F.Supp. 877, relied upon by the plaintiff, are not applicable in this case. Those cases were not concerned with a failure to prove causation but with a failure to identify the operator of the aircraft. In both these cases, there was evidence from which the court could find that because the aircraft had "buzzed" the mule and minks involved in those cases, that this "buzzing" itself was the proximate *cause* of the damages suffered by the plaintiff.

The only evidence in this case even closely related to proximate cause was the fact that an explosion was heard and the defendant's aircraft was seen at a low altitude near the plaintiff's barn very shortly after the explosion and while the barn was burning. From this evidence, this Court could only by conjecture and speculation surmise what caused the explosions. It could have been a bolt of lightning, spontaneous combustion due to the storage of peanut hay in the barn, a bomb dropped from the aircraft, or any one of many things that could have caused the explosions. There is no evidence tending to prove

that the explosions were more probably caused by one thing than any other. This Court cannot find that merely because the defendant's aircraft was seen at a low altitude, in an inclined position, some 600 to 1200 feet from the plaintiff's barn very shortly after two explosions, which destroyed the barn, that the defendant is liable to the plaintiff for his damages suffered.

This Court concludes, as a matter of law, that it has jurisdiction of this controversy under the provisions of 28 U.S. C.A. § 1346(b). This Court further concludes that the plaintiff in this action has failed to prove that any act of negligence on the part of an agent, servant, or employee of this defendant, the United States of America, proximately caused the damages which were suffered by this plaintiff and which give rise to this cause of action, and for this reason the plaintiff, Jacob J. Cook, cannot recover against the defendant herein. A judgment will be entered in accordance with the foregoing opinion.