George S. WEIGAND, Plaintiff,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation, Defendant.

Civ. A. No. 13116.

United States District Court
W. D. Pennsylvania.

Oct. 15, 1958.

844

---

Alexander L. Suto and Samuel L. Goldstein (of Suto, Power, Goldstein & Walsh), Pittsburgh, Pa., for plaintiff.

Bruce R. Martin (of Pringle, Bredin & Martin), Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action under the Federal Employers' Liability Act to recover damages for injuries sustained while plaintiff was employed as a conductor for the Pennsylvania Railroad Company. 45 U. S.C.A. § 51 et seq.

Upon jury trial verdict was returned in favor of the defendant.

The matter before the court relates to plaintiff's motion for new trial in which it is contended:

1.  The verdict was against the weight of the credible evidence.[1]

2.  The court erred in refusing Plaintiff's Request for Charge No. 6 and No. 8.[2]

Succinctly stated, the principal legal question presented may be stated as follows:

Where an accident arises under circumstances which justify the application of the res ipsa loquitur doctrine, does such right continue where the plaintiff alleges and proves specific acts of negligence on the part of the defendant, and the defendant produces evidence to exculpate itself from negligence for the happening of the event.

The trial court answered in the negative and after most reflected and thorough judgment, I am unable to disturb said conclusion.

### History of Accident

The circumstances surrounding the accident are not disputed and are relatively simple.

Plaintiff had been in the Wilkinsburg, Pennsylvania, Yard Office to secure certain orders governing his work and while walking from the yard office to where his train was located he stepped into the space between the rails over which he was required to pass, the ground gave way and he fell into a hole approximating three feet circular in diameter and from five to six feet deep, and sustained serious injury. Said railroad yard was elevated by artificial fill of clay and cinders to a distance of about 20 feet above the surrounding ground, underneath which Penn Avenue, a main highway of the Borough of Wilkinsburg, passes. This condition was created by the defendant approximately thirty-two years before the accident. It is not disputed that plaintiff is free of any contributory negligence.

Plaintiff did not rely solely on the res ipsa loquitur doctrine at pre-trial or trial but predicated his claim of negligence upon evidence geared to establish cracks in a retaining wall and lack of adequate drainage. A civil engineer was called as an expert witness who advanced the opinion and belief that the yard was not built on good fill, that drainage facilities were non-existent, and that the accident occurred due to improper drainage and negligent inspection on the part of defendant.

Defendant countered with evidence to show occasional inspection by underlying personnel and that no need existed for drainage since the water drained off naturally into the fill. That no condition arose or existed prior to the accident

---

1.  The jury made the following verdict:
    "And now, to wit: May 7th, 1958, we, the Jurors empaneled in the above-entitled case, find the defendant, the Penna. Railroad Co., not guilty of negligence in the above action."
    Whereupon the court directed the Clerk of Courts to enter judgment on the verdict in favor of The Pennsylvania Railroad Company, a corporation, and against plaintiff, George S. Weigand, together with costs.

2.  "6. The jury is instructed that if they find that the management and control of the defendant railroad yard was exclusively in the control of the defendant and/or its agents, servants or employees, and that the collapse of the track bed or ground was the cause of the plaintiff's injuries, then it is incumbent upon the defendant to come forward with evidence to explain the cause of such collapse and that the defendant exercised due care on its part in providing plaintiff with a safe place in which to work. (Eckman v. Bethlehem Steel Co., 387 Pa. 437, at [pages] 439 and 440 [128 A.2d 70].)
    "8. The jury is instructed that they may find that the defendant railway company was responsible to the plaintiff-employee for failing to provide a safe place to work, if the company knew, or in the exercise of reasonable care should have known, of the unsafe condition, that is, the void or hole into which the plaintiff fell caused by improper or inadequate drainage and improper fill, from the fact that the ground became soggy or spongy when wet, and from the fact that water and fill seeped through many cracks in the retaining wall adjoining the Wilkinsburg Yard."

**846**

which gave the defendant any reason to suspect or believe the condition in the yard required consideration or attention. In short, the defendant did all required by law to provide plaintiff a reasonably safe place in which to work, or that the accident was without fault.

Res Ipsa Loquitur Doctrine
(Application to cases where neg-
ligence of defendant is
plead and produced)

A most difficult and poignant question is posed as to the court's failure to charge in accordance with the res ipsa loquitur doctrine where the plaintiff elects not to rest on the doctrine alone but pleads and proves specific acts of negligence and the defendant offers proof to exculpate itself from fault.

The requirements essential for the application of the doctrine have been enunciated by both this Circuit and the Supreme Court of the United States to be as follows:

(a) The thing which causes the injury must be under the exclusive control of defendant.

(b) The injured person must be without fault.

(c) The injury must be such as in the ordinary course of things does not occur if one having such control uses proper care.

Such circumstances in the absence of an explanation afford reasonable evidence that the injury arose from defendant's want of care. Jesionowski v. Boston & Maine R. R., 329 U.S. 452, 67 S.Ct. 401, 91 L.Ed. 416; Sweeting v. Pennsylvania R. Co., 3 Cir., 142 F.2d 611; Giannone v. United States Steel Corporation, 3 Cir., 238 F.2d 544; Lukon v. Pennsylvania R. Co., 3 Cir., 131 F.2d 327.

I have given most thorough study to the facts of the accident as evinced in the record, and I believe that the circumstances necessarily conform to the requirements of res ipsa loquitur doctrine. The undisputed facts eliminate the element of plaintiff's own fault, establish

sole control of the thing which caused the accident in the defendant, and compels the unavoidable conclusion that the injury is such that in the ordinary course of things would not occur if one having such control would exercise proper care.

Defendant averts to De Pascale v. Pennsylvania R. Co., 3 Cir., 180 F.2d 825, where this Circuit considered identical facts and the doctrine was not invoked. A review of the paper books and briefs, however, discloses that a request for the doctrine to be invoked had never been made by the plaintiff or any other party in any phase of the proceeding, so that the adjudication in this case can in no way be controlling.

If the plaintiff had elected, as suggested by the pre-trial judge, or if the matter had been presented to the trial judge, the proof of the happening of the accident under the circumstances which were not disputed would have in itself required and justified the submission of the case to the jury under the res ipsa loquitur doctrine.

However, for reasons not presented to the court, plaintiff elected to try the proceeding by not relying solely on the doctrine, and offered evidence to establish specific acts of negligence on the part of the defendant.

Under all the circumstances the court is confronted with an enigma.

Plaintiff's complaint alleged specific acts of negligence and in addition thereto plead defendant's negligence generally, and introduced proof of alleged specific acts of negligence.

The question is raised as to where a plaintiff alleges specific acts of negligence and in addition thereto has pleaded defendant's negligence generally, and in trial introduces evidence to establish specific acts of negligence on defendant's part, assuming that the doctrine is otherwise applicable, whether or not such proof and specific pleading will deprive plaintiff of the benefit of the doctrine.

There is distinct and irreconcilable conflict of authority as to the effect of pleading and producing evidence of spe-

cific acts of negligence and a general allegation of negligence as to the availability of the doctrine of res ipsa loquitur. Some authorities hold that pleading and producing evidence of specific acts bars recourse to the doctrine, while others hold that it does not have such effect where the pleading also contains general allegations of negligence. 65 C.J.S. Negligence § 220(11); 158 A.L.R. at page 1008; 38 American Jurisprudence Section 295 et seq.; 141 A.L.R. 1019.

A most exhaustive research of the authorities by counsel for the parties and the court fails to disclose a determination of this issue by the United States Court of Appeals for the Third Circuit or the Supreme Court of the United States.

■ Upon an evaluation of the divergent authorities in support of the two conflicting views, it is my judgment that if plaintiff alleges negligence specifically and generally, and produces evidence of specific acts of negligence, he is thereby precluded from relying on the inferences permissible and benefit of the doctrine.

■ All authorities hold to the view that the doctrine of res ipsa loquitur is merely a rule of evidence, not a substantive rule of law. The doctrine does not require the jury to find in favor of the plaintiff, but merely affords evidence to carry the question of liability to the jury, which may adopt or reject the conclusion of responsibility on the defendant's part as required by their reason and common sense, applied to all the facts in the case.

■ The doctrine has no application where all the facts and circumstances appear in evidence. Nothing is then left to inference and the necessity for the doctrine does not exist. Being a rule of necessity, it must be invoked only where evidence is absent and not readily available.

■ I am at a total loss to conceive of how the granting of a new trial could in any way serve the interests of justice, recognizing as I must that a new trial would require the submission of identical facts and proof for the consideration of the jury with the same burden of proof resting on the parties. The doctrine does not have the effect of shifting the burden of proof.

■ Where the res ipsa loquitur doctrine is applied once defendant has produced exculpating evidence of equal weight, plaintiff is required to go forward with the evidence and satisfy the jury of defendant's negligence by the preponderance or weight of all the credible evidence.

■ In view of the specific proof of negligence submitted by plaintiff and defendant's proof submitted in defense thereto, retrial under the doctrine of res ipsa loquitur could in no way shift the burden of the parties as the circumstances existed in the instant trial.

I must conclude therefore:

1. That since plaintiff both alleged and submitted proof of specific acts of negligence, he thereby forfeited his right to the charge of the court under the doctrine of res ipsa loquitur and/or

2. If plaintiff were entitled to a charge of res ipsa loquitur, even though specific acts of negligence were alleged and proved, a failure to so charge was de minimus and not prejudicial error.

The claim that the verdict was against the weight of the evidence and that the court erred in refusing to charge on the evidence presented by the plaintiff does not require extended discussion.

### The Verdict Was Against the Weight of the Credible Evidence

Upon careful scrutiny and evaluation of all testimony, I am satisfied that such inferences are deducible from the weight of the credible evidence to support the conclusion that defendant was not negligent in the maintenance and inspection of the Wilkinsburg Yard. De Pascale v. Pennsylvania R. Co., supra. I have frequently stated that such testimony cannot be summarily expunged, whether the jury weighs it in favor of plaintiff or de-

848

fendant, in order to substitute the personal opinion of the court.

The choice of conflicting versions of the way the accident happened, the decision as to which witness is telling the truth and the inferences to be drawn from the uncontroverted facts and the controverted facts are questions for the jury. If there is a reasonable basis for concluding that negligence of the employer was not the cause of plaintiff's injury, it would be an invasion of the jury's function for the court to draw contrary inferences or to conclude that a different conclusion would be more reasonable. Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

It is my judgment that the verdict rendered was not against the evidence or the weight of all the credible evidence.

### The Court Erred In Refusing Plaintiff's Request For Charge As To Testimony Presented By Plaintiff

Plaintiff's Request No. 8 urges the court to charge the jury as to certain inferences deducible from testimony of divers witnesses in connection with plaintiff's allegation that defendant failed to provide plaintiff with a safe place in which to work. The requested point was refused for the reason that I have always refrained from a discussion of the evidence or inferences deducible therefrom in order to avoid the pitfall of a jury obtaining improper impressions and beliefs as to the weight of one segment of the testimony over another, and to eliminate the further danger of a jury obtaining the belief that the trial judge harbors one view or another about the facts.

It was sufficient that the court with great meticulousness charged the jury on defendant's requirement to provide plaintiff with a safe place in which to work.

I must conclude, therefore, that plaintiff's claim of error in the court's refusal to charge Plaintiff's Request No. 8 is without merit.

An appropriate Order is entered.